Vassi Iliadis (State Bar No. 296382)
Elliot Herzig (State Bar No. 345779)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
vassi.iliadis@hoganlovells.com
elliot.herzig@hoganlovells.com

Neal Kumar Katyal (*Pro Hac Vice*)
William Havemann (*Pro Hac Vice*)
Nathaniel A.G. Zelinsky (*Pro Hac Vice*)
Ezra P. Louvis (*Pro Hac Vice*)
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
neal.katyal@hoganlovells.com
will.havemann@hoganlovells.com
nathaniel.zelinsky@hoganlovells.com
ezra.louvis@hoganlovells.com

*Attorneys for Defendant NVIDIA Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MILLETTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION<br><br>Defendant. | Case No. 5:24-cv-05157-EJD<br><br>The Honorable Edward J. Davila<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Edward J. Davila<br>Date: February 13, 2025 [Requested]<br>Time: 9:00 a.m. [Requested]<br>Place: Courtroom 4 – 5th Floor |

Hogan Lovells US
LLP
Attorneys At Law

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-CV-05157-EJD

Dated:    November 4, 2024          **HOGAN LOVELLS US LLP**

By: */s/ Vassi Iliadis*

Vassi Iliadis
Elliot Herzig
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
vassi.iliadis@hoganlovells.com
elliot.herzig@hoganlovells.com

Neal Kumar Katyal (*Pro Hac Vice*)
William Havemann (*Pro Hac Vice*)
Nathaniel Zelinsky (*Pro Hac Vice*)
Ezra Louvis (*Pro Hac Vice*)
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
neal.katyal@hoganlovells.com
will.havemann@hoganlovells.com
nathaniel.zelinsky@hoganlovells.com
ezra.louvis@hoganlovells.com

*Attorneys for Defendant NVIDIA Corporation*

Hogan Lovells US LLP
Attorneys At Law

- i -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1

2    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

3        **PLEASE TAKE NOTICE** that on February 13, 2025, at 9:00 a.m., or as soon thereafter

4    as the matter may be heard, in the United States District Court for the Northern District of

5    California, Courtroom 4, 5th Floor, located at 280 South 1st Street, San Jose, CA 95113,

6    Defendant NVIDIA corporation ("NVIDIA"), through their undersigned counsel, will, and

7    hereby does, move to dismiss Counts I and II of the Complaint pursuant to Federal Rule of Civil

8    Procedure 12(b)(1) for lack of Article III standing and Federal Rule of Civil Procedure 12(b)(6)

9    for failure to state a claim upon which relief may be granted.

10        NVIDIA's Motion to Dismiss is based on this Notice, the supporting Memorandum of

11   Points and Authorities, the complete files and records in this action, and any additional material

12   and arguments as may be considered in connection with the hearing on the Motion.

13                                    **ISSUES TO BE DECIDED**

14        The Motion presents the following issues to be decided:

15        (1) whether Counts I and II of the Complaint, for unjust enrichment and violation of Cal.

16   Bus. & Prof. Code § 17200, *et seq.*, should be dismissed under Rule 12(b)(1) for lack of Article

17   III standing;

18        (2) whether Counts I and II of the Complaint should be dismissed under Rule 12(b)(6) as

19   preempted by Section 301 of the Copyright Act; and

20        (3) whether Counts I and II of the Complaint should be dismissed under Rule 12(b)(6) for

21   failure to state a claim.

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law

- ii -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1

Dated:     November 4, 2024          **HOGAN LOVELLS US LLP**

2

By: */s/ Vassi Iliadis*

3

Vassi Iliadis
Elliot Herzig

4

1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

5

Tel: (310) 785-4600

6

Fax: (310) 785-4601
vassi.iliadis@hoganlovells.com

7

elliot.herzig@hoganlovells.com

8

Neal Kumar Katyal (*Pro Hac Vice*)
William Havemann (*Pro Hac Vice*)

9

Nathaniel Zelinsky (*Pro Hac Vice*)
Ezra Louvis (*Pro Hac Vice*)

10

555 Thirteenth Street, NW
Washington, DC 20004

11

Tel: (202) 637-5600
Fax: (202) 637-5910

12

neal.katyal@hoganlovells.com
will.havemann@hoganlovells.com

13

nathaniel.zelinsky@hoganlovells.com
ezra.louvis@hoganlovells.com

14

*Attorneys for Defendant NVIDIA Corporation*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law

- iii -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................... 1

II. BACKGROUND ................................................................................................... 3

III. LEGAL STANDARD ........................................................................................... 3

IV. ARGUMENT ...................................................................................................... 4

    A.    Plaintiff Lacks Article III Standing ............................................................ 4

    B.    The Copyright Act Preempts Plaintiff's Claims ......................................... 6

        1.    Plaintiff's Videos are the "Subject Matter of Copyright" ................. 7

        2.    Plaintiff's Claims are "Equivalent" to Claims of Copyright
            Infringement ....................................................................................... 8

    C.    Plaintiff's UCL and Unjust Enrichment Claims Fail as a Matter of Law .... 10

        1.    Plaintiff's UCL Claim Fails .............................................................. 10

        2.    Plaintiff Does Not State a Cognizable Unjust Enrichment Claim ...... 14

    D.    The Court Should Dismiss with Prejudice ................................................ 16

V. CONCLUSION ................................................................................................... 17

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**CASES:**

4

*Albrecht v. Lund*,
   845 F.2d 193 (9th Cir. 1988).......................................................................................... 16

5

*Am. Master Lease LLC v. Idanta Partners, Ltd.*,
   225 Cal. App. 4th 1451 (Cal. Ct. App. 2014)................................................................ 15

6

7

*Am. Video Duplicating, Inc. v. City Nat'l Bank*,
   No. 20-cv-4036, 2020 WL 6882735 (C. D. Cal. Nov. 20, 2020)................................... 15

8

9

*Andersen v. Stability AI Ltd.*,
   No. 23-CV-00201, 2024 WL 3823234 (N.D. Cal. Aug. 12, 2024)................................. 1, 8, 9

10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................... 4

11

12

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015)........................................................................................... 14, 15

13

14

*B.K. v. Desert Care Network*,
   No. 23-CV-5021, 2024 WL 1343305 (C.D. Cal. Feb. 1, 2024)...................................... 4, 10

15

*Barboza v. Mercedes-Benz USA, LLC*,
   No. 22-CV-0845, 2022 WL 17978408 (E.D. Cal. Dec. 28, 2022).................................. 13

16

17

*Bates v. United Parcel Serv., Inc.*,
   511 F.3d 974 (9th Cir. 2007)........................................................................................... 3

18

19

*Batiste v. Robert W. Baird & Co.*,
   No. 23-CV-02592, 2023 WL 7280446 (N.D. Cal. Oct. 4, 2023).................................... 12

20

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 4, 5

21

22

*Best Carpet Values, Inc. v. Google, LLC*,
   90 F.4th 962 (9th Cir. 2024)............................................................................................ 7–9

23

24

*Brantley v. Prisma Labs, Inc.*,
   No. 23 C 1566, 2024 WL 3673727 (N.D. Ill. Aug. 6, 2024) .......................................... 6

25

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
   373 F.3d 296 (2d Cir. 2004)............................................................................................. 7

26

27

*Brown v. Van's Int'l Foods, Inc.*,
   No. 22-CV-00001, 2022 WL 1471454 (N.D. Cal. May 10, 2022) ................................. 17

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- v -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Cappello v. Walmart Inc.*,
  394 F. Supp. 3d 1015 (N.D. Cal. 2019)................................................................. 12

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ............................................................................................. 3

*Clark v. Countrywide Home Loans, Inc.*,
  732 F. Supp. 2d 1038 (E.D. Cal. 2010) .............................................................. 12

*Cottle v. Plaid Inc.*,
  536 F. Supp. 3d 461 (N.D. Cal. 2021)................................................................. 2

*Cusano v. Klein*,
  473 F. App'x 803 (9th Cir. 2012)....................................................................... 8

*Davidson v. Kimberly-Clark Corp.*,
  873 F.3d 1103 (9th Cir. 2017) ............................................................................ 13

*De Havilland v. FX Networks, LLC*,
  21 Cal. App. 5th 845 (Cal. Ct. App. 2018) ........................................................ 14

*Doe v. CVS Pharmacy, Inc.*,
  982 F.3d 1204 (9th Cir. 2020) ....................................................................... 12, 13

*Doe 1 v. GitHub, Inc.*,
  672 F. Supp. 3d 837 (N.D. Cal. May 11, 2023) ............................................ 11, 12

*Doe 1 v. GitHub, Inc.*,
  No. 22-CV-06823, 2024 WL 235217 (N.D. Cal. Jan. 3, 2024) ..................... 1, 6, 8

*ESG Capital Partners, LP v. Strato*,
  828 F.3d 1023 (9th Cir. 2016) ............................................................................ 15

*Estate of Hoefer v. ATC Realty Fifteen, Inc.*,
  No. 20-CV-06698, 2021 WL 148087 (N.D. Cal. Jan. 15, 2021) ........................ 14

*Firoozye v. Earthlink Network*,
  153 F. Supp. 2d 1115 (N.D. Cal. 2001)............................................................ 2, 8

*FDA v. All. for Hippocratic Med.*,
  602 U.S. 367 (2024) ............................................................................................. 4

*Franklin Fueling Sys., Inc. v. Veeder-Root Co.*,
  No. 09-CV-580, 2009 WL 2462505 (E.D. Cal. Aug. 11, 2009) ......................... 11

*Gama v. Bd. of Trustees of California State Univ.*,
  No. 18-CV-02552, 2019 WL 7763827 (N.D. Cal. Apr. 8, 2019) ....................... 17

*Ghalehtak v. Fay Servicing, LLC*,
  304 F. Supp. 3d 877 (N.D. Cal. 2018)................................................................ 11

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Holgate v. Baldwin*,
 425 F.3d 671 (9th Cir. 2005) ............................................................................................. 17

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
 402 F. Supp. 3d 767 (N.D. Cal. 2019) ............................................................................ 5, 10

*In re Google Assistant Privacy Litigation*,
 457 F. Supp. 3d 797 (N.D. Cal. 2020) .................................................................................. 6

*In re Google Assistant Priv. Litig.*,
 546 F. Supp. 3d 945 (N.D. Cal. July 1, 2021) .................................................................... 10

*Kadrey v. Meta Platforms, Inc.*,
 No. 23-CV-03417, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) ..................................... 1, 9

*Kwikset Corp. v. Superior Ct.*,
 51 Cal. 4th 310 (Cal. 2011) ............................................................................................... 10

*Lagrisola v. N. Am. Fin. Corp.*,
 96 Cal. App. 5th 1178 (Cal. Ct. App. 2023) ....................................................................... 11

*Laws v. Sony Music Entertainment, Inc.*,
 448 F.3d 1134 (9th Cir. 2006) .......................................................................................... 7, 9

*Leite v. Crane Co.*,
 749 F.3d 1117 (9th Cir. 2014) ............................................................................................. 3

*Lewis v. Casey*,
 518 U.S. 343 (1996) ............................................................................................................ 4

*Lopez v. Bank of Am., N.A.*,
 505 F. Supp. 3d 961 (N.D. Cal. 2020) ............................................................................... 12

*Maloney v. T3Media, Inc.*,
 853 F.3d 1004 (9th Cir. 2017) ............................................................................................. 7

*Martinez v. Welk Grp., Inc.*,
 No. 09-CV-2883, 2011 WL 90313 (S.D. Cal. Jan. 11, 2011) ............................................. 12

*Media.net Advert. FZ-LLC v. Netseer, Inc.*,
 198 F. Supp. 3d 1083 (N.D. Cal. 2016) ............................................................................... 1

*Montz v. Pilgrim Films & Television, Inc.*,
 649 F.3d 975 (9th Cir. 2011) ............................................................................................... 7

*Mueller v. San Diego Ent. Partners, LLC*,
 260 F. Supp. 3d 1283 (S.D. Cal. 2017) ............................................................................. 12

*Opperman v. Path, Inc.*,
 87 F. Supp. 3d 1018 (N.D. Cal. 2014) ................................................................................. 4

Hogan Lovells US
LLP
Attorneys At Law

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Parks v. Wells Fargo Bank, N.A.*,
    No. 15-CV-2558, 2016 WL 411674 (S.D. Cal. Feb. 3, 2016) ................................. 17

*Patnaik v. Hearst Corp.*,
    No. CV 14-05158, 2015 WL 12746704 (C.D. Cal. Jan. 7, 2015) ......................... 2, 8

*Penermon v. Wells Fargo Bank, N.A.*,
    47 F. Supp. 3d 982 (N.D. Cal. 2014) .................................................................. 12

*Perkins v. LinkedIn Corp.*,
    53 F. Supp. 3d 1190  (N.D. Cal. 2014) ................................................................... 5

*Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*,
    No. 20-cv-08686, 2021 WL 4133869 (N.D. Cal. Sept. 10, 2021) ................... 14, 16

*Rosal v. First Fed. Bank of Cal.*,
    671 F. Supp. 2d 1111 (N.D. Cal. 2009) .............................................................. 16

*ROTFL Prods., LLC v. Gzebb*,
    No. 13-CV-0293, 2013 WL 12181763 (N.D. Cal. Aug. 5, 2013) ......................... 14

*Rubio v. Cap. One Bank*,
    613 F.3d 1195 (9th Cir. 2010) ............................................................................ 12

*Russell v. Walmart, Inc.*,
    680 F. Supp. 3d 1130 (N.D. Cal. 2023) .......................................................... 14, 15

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) .............................................................................. 4

*Samet v. Procter & Gamble Co.*,
    No. 12-CV-01891, 2013 WL 3124647 (N.D. Cal. June 18, 2013) ....................... 10

*Sanchez v. L.A. Dep't of Transportation*,
    No. 20-CV-5044, 2021 WL 1220690 (C.D. Cal. Feb. 23, 2021) ........................ 16

*Sequeira v. U.S. Dep't of Homeland Sec.*,
    No. 22-cv-07996, 2024 WL 1221958 (N.D. Cal. Mar. 21, 2024) ........................ 10

*Shum v. Intel Corp.*,
    630 F. Supp. 2d 1063 (N.D. Cal. 2009) .............................................................. 16

*Silicon Image, Inc. v. Analogix Semiconductor, Inc.*,
    No. 07-CV-635, 2007 WL 1455903 (N.D. Cal. May 16, 2007) .......................... 11

*Smith v. LG Elecs. U.S.A., Inc.*,
    No. 13-CV-4361, 2014 WL 989742 (N.D. Cal. Mar. 11, 2014) .......................... 13

*Snarr v. Cento Fine Foods Inc.*,
    No. 19-CV-02627, 2019 WL 7050149 (N.D. Cal. Dec. 23, 2019) ....................... 16

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- viii -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Stavrinides v. Vin Di Bona*,
   No. 18-CV-00314, 2018 WL 1311440 (C.D. Cal. Mar. 12, 2018) ........................................... 7

*Sumotext Corp. v. Zoove, Inc.*,
   No. 16-CV-01370, 2016 WL 6524409 (N.D. Cal. Nov. 3, 2016) ........................................... 11

*Telesaurus VPC, LLC v. Power*,
   623 F.3d 998 (9th Cir. 2010) ........................................................................................... 17

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ....................................................................................................... 4

*Tremblay v. OpenAI, Inc.*,
   No. 23-cv-03223, 2024 WL 3640501 (N.D. Cal. July 30, 2024) ........................... 1, 2, 8, 9, 16

*Tremblay v. OpenAI, Inc.*,
   716 F. Supp. 3d 772 (N.D. Cal. Feb. 12, 2024) ....................................... 2, 11–13, 16

*Troyk v. Farmers Group, Inc.*,
   171 Cal. App. 4th 1305 (Cal. Ct. App. 2009) .................................................................. 10

*Upper Deck Co. v. Flores*,
   569 F. Supp. 3d 1050 (S.D. Cal. 2021) .......................................................................... 15

*Wible v. Aetna Life Ins. Co.*,
   375 F. Supp. 2d 956 (C.D. Cal. 2005) ............................................................................ 5

*X Corp. v. Bright Data Ltd.*,
   No. 23-CV-03698, 2024 WL 2113859 (N.D. Cal. May 9, 2024) ...................................... 9

*Young Money Ent., LLC v. Digerati Holdings, LLC*,
   No. 12-CV-07663, 2012 WL 5571209 (C.D. Cal. Nov. 15, 2012) ................................... 17

*Yu v. ByteDance Inc.*,
   No. 23-CV-03503, 2023 WL 5671932 (N.D. Cal. Sept. 1, 2023) .................................... 7

**STATUTES:**

17 U.S.C. § 102 .............................................................................................................. 6
   (a)(5) ........................................................................................................................ 7
   (a)(6) ........................................................................................................................ 2

17 U.S.C. § 106 .............................................................................................................. 8
   (1) ............................................................................................................................ 2
   (2) ............................................................................................................................ 2

17 U.S.C. § 301 .............................................................................................................. 6

Cal. Bus. Prof. Code. § 17200 ....................................................................................... 12

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

Cal. Bus. Prof. Code. § 17204 ................................................................................................. 10

**RULE:**

Fed. R. Civ. P. 8(a) ................................................................................................................. 12

**OTHER AUTHORITIES:**

55 Cal. Jur. 3d Restitution § 2 (2015) ..................................................................................... 14

Ryan McGrady, *What We Discovered on 'Deep YouTube'*, The Atlantic (Jan. 26, 2024),
      https://www.theatlantic.com/technology/archive/2 .......................................................... 5

1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.15[G] (2023) ..................... 9

Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011) ...................................... 15

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

**I. INTRODUCTION**

This case is one of three nearly identical putative class action suits filed against technology companies based on their purported training of AI models using unspecified video content that Plaintiff David Millette ("Plaintiff") uploaded to YouTube.  Complaint ("Compl."); *Millette v. OpenAI, Inc.*, No. 24-CV-4710, Dkt. No. 1 (Aug. 2, 2024); *Millette v. Google LLC*, No. 24-CV-4708, Dkt. No. 1 (N.D. Cal. Aug. 2, 2024).  Plaintiff's claims against NVIDIA are flawed in three respects, any one of which warrants dismissal.

*First*, Plaintiff lacks Article III standing.  His claims are based on allegations that NVIDIA "scraped" without his consent videos he purportedly uploaded to YouTube, and then "unfairly profit[ed]" by using those videos to train its AI models.  Compl. ¶¶ 43, 44, 48.  But the Complaint is devoid of allegations that Plaintiff has suffered or will suffer a concrete, particularized injury in fact sufficient to confer standing under Article III.  For example, the Complaint offers no plausible basis to infer that NVIDIA utilized *Plaintiff's* videos to train its AI models.

*Second*, as numerous courts in this District have concluded in similar cases, the Copyright Act preempts Plaintiff's claims.  *E.g.*, *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, 2024 WL 3640501, at *2 (N.D. Cal. July 30, 2024) (Martínez-Olguín, J.) (holding Copyright Act preempted UCL claim based on "use" of plaintiff's books to train AI); *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823, 2024 WL 235217, at *7–9 (N.D. Cal. Jan. 3, 2024) (Tigar, J.) (holding Copyright Act preempted claims for "unjust enrichment" and "unfair competition" based on allegations that AI model reproduced a plaintiff's licensed code as preempted by the Copyright Act); *Andersen v. Stability AI Ltd.*, No. 23-CV-00201, 2024 WL 3823234, at *9 (N.D. Cal. Aug. 12, 2024) (Orrick, J.) (holding Copyright Act preempted unjust enrichment claim based on the "use" of plaintiffs' works to "train, develop, and promote" defendants' AI products); *Kadrey v. Meta Platforms, Inc.*, No. 23-CV-03417, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023) (Chhabria, J.) (holding Copyright Act preempted "UCL" and "unjust enrichment" claims premised on "the use of the plaintiffs' books to train [a large language model]").  The statute's "explicit and broad" preemption provision bars any state-law protection for rights equivalent to the "exclusive rights" in works within the Act's scope.  *Media.net Advert. FZ-LLC v. Netseer, Inc.*, 198 F. Supp. 3d 1083, 1087 &

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

n.2 (N.D. Cal. 2016).  Plaintiff's Complaint asserts rights in videos, which fall within the scope of "audiovisual works."  17 U.S.C. § 102(a)(6).  And Plaintiff's allegations about NVIDIA using "unauthorized" "reproductions" of those videos echo the exclusive rights to "reproduce" copyrighted work, to "prepare derivative works," and to "authorize" the same.  Compl. ¶¶ 48–49; 17 U.S.C. § 106(1)–(2).  That Plaintiff fails to assert that his videos are protected by copyright is of no consequence, as his videos and his allegations of wrongdoing are within the subject matter of the Copyright Act.  *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1124 (N.D. Cal. 2001); *Patnaik v. Hearst Corp.*, No. CV 14-05158, 2015 WL 12746704, at *8 (C.D. Cal. Jan. 7, 2015).

*Third*, Plaintiff's UCL and unjust enrichment causes of action fail to state a claim.  Plaintiff's UCL claim fails because he cannot satisfy the UCL's exacting statutory standing requirement for "economic injury."  *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 483 (N.D. Cal. 2021).  Plaintiff's bare assertions that NVIDIA engaged in "unfair," "unlawful," and "deceptive[]" practices for "commercial profit," Compl. ¶¶ 45–49, cannot make out a plausible theory of UCL liability.  Plaintiff's unjust enrichment claim mirrors nearly identical claims filed by others in this District that were dismissed.  *Tremblay v. OpenAI, Inc.,* 716 F. Supp. 3d 772, 781 (N.D. Cal. Feb. 12, 2024); *Doe 1*, No. 22-CV-06823, Dkt. No. 253 at 12 (N.D. Cal. June 24, 2024).  Plaintiff's claims here should be dismissed for the same reasons.

The Court should dismiss the Complaint in its entirety with prejudice.  Dismissal with prejudice is warranted here given Plaintiff's ample notice of his claims' deficiencies.  Even a cursory review of the caselaw in this District would alert him to the multiple similar and recent actions dismissed with prejudice.  Indeed, Plaintiff copied word-for-word the same allegations that Judge Martínez-Olguín dismissed with prejudice this past July.  *Compare* Compl. ¶ 49, *with Tremblay v. OpenAI, Inc.,* No. 23-CV-3223, Dkt. No. 120 (Am. Compl.) at ¶¶ 73–74 (N.D. Cal. Mar. 13, 2024); *Tremblay*, 2024 WL 3640501 at *2 (dismissing "¶¶ 34, 71, 73–74" with prejudice).  The Court should make clear that this case should not proceed.

## II.  BACKGROUND

Plaintiff alleges that he created a YouTube account in or around June 2009 and has "uploaded" "video content" to YouTube since then.  Compl. ¶ 6.  The Complaint does not identify

Plaintiff's YouTube account or any of his videos. Nor does Plaintiff assert that the videos he purportedly uploaded are subject to a copyright or contain any personal content or information. Nonetheless, Plaintiff alleges in a conclusory fashion that NVIDIA "scraped" his videos, as well as "millions of [other] YouTube videos," "for the purpose of training its AI system," Cosmos, "without permission." *Id*. ¶¶ 3, 7. Plaintiff claims that NVIDIA used "transcriptions and copies" of his YouTube videos, among others, to make NVIDIA's products more valuable to consumers. *Id*. ¶¶ 38, 49. NVIDIA's resulting profits, he claims, were "unfair[]" because they relied on "unattributed reproductions" of his "videos and ideas." *Id*. ¶ 48.

Based on these allegations, Plaintiff brings claims of unjust enrichment, *id*. ¶ 44, and violation of the UCL, *id*. ¶ 48. He purports to represent a nationwide class defined as "all persons or entities domiciled in the United States that uploaded any YouTube video that was fed to and used as training data for the 'Cosmos' AI Project without their consent," and a California subclass. *Id*. ¶¶ 23–24. Plaintiff seeks "restitution and all other forms of equitable monetary relief" as well as "injunctive relief as the Corut [*sic*] may deem proper". *Id*. at 9.

## III. LEGAL STANDARD

Article III standing is a "threshold" jurisdictional issue addressed under Rule 12(b)(1). *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Plaintiffs bear the burden of demonstrating they have Article III standing, requiring that Plaintiffs show injury that is (i) "concrete, particularized, and actual or imminent," and (ii) "fairly traceable to the challenged action." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citations omitted). Jurisdictional challenges are either facial or factual. A facial challenge succeeds if "the plaintiff's allegations," taken as true, "are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted). A factual challenge to a plaintiff's standing to bring suit "contests the truth of the plaintiff's allegations" and imposes an "affirmative obligation" on the plaintiff to "support [] jurisdictional allegations with competent proof." *Id*. (citation omitted); *accord Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

To overcome a Rule 12(b)(6) motion to dismiss, a complaint must contain enough facts, taken as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

Hogan Lovells US
LLP
Attorneys At Law

- 3 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1  550 U.S. 544, 570 (2007).  "[A] formulaic recitation of the elements of a cause of action" and

2  "naked assertions devoid of further factual enhancement" "will not do." *Ashcroft v. Iqbal*, 556 U.S.

3  662, 678 (2009) (cleaned up) (quoting *Twombly*, 550 U.S. at 555, 557).  It is also not enough that

4  the facts are "merely consistent with a defendant's liability" or give rise to a "mere possibility of

5  misconduct." *Id*. at 678–679 (quotation marks omitted).  Instead, Plaintiff's claim to relief must be

6  "plausible on its face." *Id.* at 663 (quoting *Twombly*, 550 U.S. at 570).

7  **IV.  ARGUMENT**

8  **A.  Plaintiff Lacks Article III Standing.**

9      The Complaint lacks sufficient allegations on its face to establish Article III standing.

10  Article III allows for suit only if Plaintiff suffered an injury in fact that is "concrete, particularized,

11  and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  Any injury must

12  "affect the plaintiff in a personal and individual way." *FDA v. All. for Hippocratic Med*., 602 U.S.

13  367, 381 (2024) (quotation marks omitted).  That is equally true in class actions where "[n]amed

14  plaintiffs must show that they personally have been injured, not that injury has been suffered by

15  other, unidentified members of the class to which they belong." *Lewis v. Casey*, 518 U.S. 343, 357

16  (1996) (quotation marks omitted).

17      The Complaint fails to satisfy these bedrock requirements.  Start with concreteness.  The

18  relevant allegations are that (i) Plaintiff had "ownership rights" in YouTube "video content,"

19  Compl. ¶ 6, 22, and (ii) NVIDIA "used" this video content to train an AI model, *id*. ¶ 17, for

20  "commercial profit," *id*. ¶¶ 44, 48.  But it is not enough for Plaintiff to "point to the dollars in a

21  defendant's pocket." *Opperman v. Path, Inc*., 87 F. Supp. 3d 1018, 1056 (N.D. Cal. 2014)

22  (quotation marks omitted); *B.K. v. Desert Care Network*, No. 23-CV-5021, 2024 WL 1343305, at

23  *7 (C.D. Cal. Feb. 1, 2024) (explaining that a defendant's profits, alone, do not "establish that

24  Plaintiff[] have *lost* money" as a result of the defendant's conduct (emphasis in original)).  Rather,

25  Plaintiff must allege that *he* suffered a concrete injury in fact, and he does not.  In fact, Plaintiff

26  never states that he suffered *any* legally cognizable harm—whether monetary, reputational,

27  privacy-based, or otherwise—from the use of his videos.  He does not claim that NVIDIA severed

28  or diminished his ownership rights in any way.  He does not assert that the market value of his

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 4 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

videos was diminished.  And any injury based on the value of the videos—were it even alleged—would be "purely hypothetical" as Plaintiff never states that he "intended to sell" or otherwise monetize them.  *E.g.*, *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 784 (N.D. Cal. 2019) (holding disclosure of personal information, without more, did not constitute concrete "economic loss").

In addition, any alleged harm is not particularized.  In the entire Complaint, Plaintiff devotes only three sentences to how NVIDIA's conduct allegedly relates to him personally.  Compl. ¶¶ 6–7, 22.  The Complaint lacks even the most basic information, such as the name of Plaintiff's YouTube account; what videos he uploaded; and when between 2009 and 2024 they were uploaded.  Plaintiff's threadbare assertions and conclusions not only fail to allege any particularized harm to Plaintiff, but they also fail to "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (quotation marks omitted).

Further, Plaintiff provides no facts to support a plausible inference that *his* videos were allegedly scraped or used by NVIDIA.  There are <u>billions</u> of videos currently on YouTube.[1]  Yet Plaintiff asserts only that NVIDIA has "downloaded 100,000 videos," Compl. ¶ 20, "scrapped [*sic*] millions of YouTube videos," *id.* ¶ 3, and "compiled 38.5 million URLs." *Id*.  He thus provides no

---

[1] There are approximately "14 billion" videos on YouTube. Ryan McGrady, *What We Discovered on 'Deep YouTube'*, The Atlantic (Jan. 26, 2024), https://www.theatlantic.com /technology/archive/2024/01/how-many-videos-youtube-research/677250/.  In considering a motion to dismiss, the court can take judicial notice of documents relevant to the complaint that are "either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014).  Proper subjects of judicial notice include "publicly accessible websites." *Id*. (taking judicial notice of the contents of LinkedIn.com, describing features of LinkedIn related to the case); *Wible v. Aetna Life Ins. Co.,* 375 F. Supp. 2d 956, 965–966 (C.D. Cal. 2005) (taking judicial notice of the contents of Amazon.com web pages describing books related to the case).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

plausible basis to conclude that this tiny fraction of the content on YouTube includes his videos.

Recent precedent makes clear that the mere possibility of Plaintiff's video content being scraped is insufficient to confer standing.  For example, *Brantley v. Prisma Labs, Inc.*, No. 23 C 1566, 2024 WL 3673727, at *2, 5 (N.D. Ill. Aug. 6, 2024), recently dismissed on standing grounds a claim that a plaintiff's photographs were among billions allegedly scraped without consent from social media sites to train an AI model.  Although the model at issue in *Brantley* purportedly scraped "almost every website from September 2021 to January 2022," the plaintiff provided no additional facts to establish that his photos "were contained in the [relevant] [d]ataset."  *Id*. at *5 (quotation marks omitted).  The complaint, therefore, pled "facts that [were] merely consistent with a defendant's liability, [but that] stop[ped] short of the line between possibility and plausibility of entitlement to relief."  *Id*. at *6 (internal quotes omitted); *Doe 1*, 2024 WL 235217, at *5 (dismissing for lack of standing where certain plaintiffs "failed to plead specific instances in which *their* code" was unlawfully reproduced by defendant's AI model); *cf*. *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 816 (N.D. Cal. 2020) (dismissing Stored Communications Act claim where plaintiff failed to plausibly allege that, among 153 unlawfully intercepted recordings, "Plaintiffs' own oral communications were intercepted")

So too here.  Plaintiff fails to allege any concrete harm, and it is not plausible that any such harm is personal to him.  The Complaint should be dismissed for lack of Article III standing.

**B. The Copyright Act Preempts Plaintiff's Claims.**

The Copyright Act of 1976 expressly preempts state law claims "equivalent" to the "exclusive rights" secured by federal law in protected "works of authorship."  17 U.S.C. § 301. That provision applies if two things hold true.

First, the state law claim must "fall[] within the subject matter of copyright" by asserting a right in "one of the copyrightable categories" of works listed in 17 U.S.C. § 102.  *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 970–971 (9th Cir. 2024) (quotation marks omitted).

Second, the "rights asserted" must be "equivalent to the rights contained in 17 U.S.C. § 106," including the rights to "reproduce[] or distribute copies" of a work, to "prepare derivative works" based upon copyright material, and "to authorize others to do those things."  *Id*. at 970, 972

1    (quoting *Maloney v. T3Media, Inc*., 853 F.3d 1004, 1010 (9th Cir. 2017)).

2        The focus of the second step is broad, and it applies even if the elements of a state law claim

3    are not "identical" to those of copyright infringement.  *Laws v. Sony Music Entertainment, Inc*.,

4    448 F.3d 1134, 1144 (9th Cir. 2006).  A state-law claim will "survive preemption" only if it is

5    "qualitatively different" from the copyright claim.  *Id*. at 1143.  In other words, it must contain "an

6    extra element which changes the nature of the action."  *Id.*

7        Both conditions for preemption are met here.

8        **1.  <u>Plaintiff's Videos are the "Subject Matter of Copyright."</u>**

9        Plaintiff's claims arise out of NVIDIA's purported "use" of his "YouTube videos."  Compl.

10   ¶¶ 1, 3, 6–7, 44, 48–49.  YouTube videos are "online videos" which fall "within the subject matter

11   of the Copyright Act as 'other audiovisual works' under 17 U.S.C. § 102(a)(6)."  *Yu v. ByteDance*

12   *Inc*., No. 23-CV-03503, 2023 WL 5671932, at *5 (N.D. Cal. Sept. 1, 2023) ("[O]nline videos fall

13   within the subject matter of the Copyright Act."); *Stavrinides v. Vin Di Bona*, No. 18-CV-00314,

14   2018 WL 1311440, at *5 (C.D. Cal. Mar. 12, 2018) ("[V]ideos constitute 'motion pictures and other

15   audiovisual works' subject to copyright protection." (quoting 17 U.S.C. § 102(a)(5)).

16       Plaintiff does not appear to assert rights in anything besides his video content.  But to the

17   extent Plaintiff's passing references to the "ideas," Compl. ¶ 48, or "data," *id*. ¶ 5, associated with

18   his videos can be construed to state independent claims, they fall under the same umbrella.  It is

19   well-established that "ideas" contained in works, while outside the scope of copyright *protection*,

20   fall within the scope of the Copyright Act "[f]or *preemption* purposes."  *Montz v. Pilgrim Films &*

21   *Television, Inc*., 649 F.3d 975, 979 (9th Cir. 2011) (emphasis added); *Briarpatch Ltd., L.P. v.*

22   *Phoenix Pictures, Inc*., 373 F.3d 296, 306 (2d Cir. 2004) ("To the extent that the project includes

23   non-copyrightable material, such as ideas, these are not sufficient to remove it from the broad ambit

24   of the subject matter categories.").  And the same goes for the "elements" underlying content posted

25   to a website, like "source code," "logos, images, fonts," and the like.  *Best Carpet Values*, 90 F.4th

26   at 971–972.

27       It also does not matter that Plaintiff fails to explicitly allege any intellectual property rights

28   in his videos.  A work does not "have to be actually protected by a specific copyright or even itself

1   be copyrightable" for preemption to attach; "it just has to be within the subject matter of the Act."

2   *E.g.*, *Firoozye*, 153 F. Supp. 2d at 1124 (quotation marks omitted); *Patnaik*, 2015 WL 12746704,

3   at *8 ("[W]hether the [material at-issue] is copyrightable is not the relevant inquiry.  Rather, for

4   purposes of preemption, the issue is whether the alleged copyright material is within the subject

5   matter of copyright.").

6       As a result, Plaintiff's claims are "within the subject matter" of the Copyright Act under 17

7   U.S.C. § 102(a)(6).

8       **2.   <u>Plaintiff's Claims are "Equivalent" to Claims of Copyright Infringement.</u>**

9       Plaintiff's UCL and unjust enrichment claims are "equivalent" to claims of copyright

10  infringement.  Both rely on allegations that NVIDIA "use[d]" Plaintiff's videos, Compl. ¶¶ 22, 38,

11  48—including "transcriptions[,] copies," and "reproductions," *id*. ¶¶ 48, 49—to train its AI model.

12  Plaintiff further claims that NVIDIA did so without his "authorization" or "consent," *id*. ¶¶ 3, 5,

13  22, 48.  The first set of allegations echoes, nearly word-for-word, the federal rights to "reproduce"

14  and "cop[y]" protected works.  17 U.S.C. § 106.  And the second echoes the right to "authorize"

15  the same.  *Id*.  Proof of Plaintiff's allegations would "not [be] materially different" from proof of

16  copyright infringement, which requires "a plaintiff to [establish] that the defendant used,

17  reproduced, copied, or displayed a copyrighted work" without permission.  *Best Carpet Values*, 90

18  F.4th at 974 (quotation marks omitted).  The "underlying nature" of Plaintiff's state law claims, in

19  other words, "is part and parcel of a copyright claim" and they are "therefore preempted by the

20  Copyright Act." *Cusano v. Klein*, 473 F. App'x 803, 804 (9th Cir. 2012) (quotation marks omitted).

21      A bevy of recent cases reinforce this conclusion, each one holding that the Copyright Act

22  preempted UCL or unjust enrichment claims grounded in the "copying and use" of media to "train"

23  AI.  *Tremblay*, 2024 WL 3640501, at *2 (Martínez-Olguín, J.) (holding Copyright Act preempted

24  UCL claim regarding use of "books" to train AI language model); *Andersen*, 2024 WL 3823234, at

25  *9–10 (Orrick, J.) (holding Copyright Act preempted unjust enrichment claim based on "using

26  Plaintiffs' works to train, develop and promote [an AI m]odel[]"); *Doe 1*, 2024 WL 235217, at *7–

27  8 (Tigar, J.) (holding Copyright Act preempted unjust enrichment and UCL claims based on

28  defendants alleged "use[]" of "Plaintiffs' Licensed Materials to train [its AI]"); *Kadrey*, 2023 WL

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 8 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

8039640, at *1–2 (Chhabria, J.) (holding Copyright Act preempted UCL and unjust enrichment claims based on alleged "unauthorized copying of the plaintiffs' books for purposes of training LLaMA," an AI language model).  As yet another court in this District stated more generally, "the extent to which public data may be freely copied from social media platforms" is a matter that should "be governed by the Copyright Act."  *X Corp. v. Bright Data Ltd.,* No. 23-CV-03698, 2024 WL 2113859, at *13 (N.D. Cal. May 9, 2024).

That precedent forecloses any attempt by Plaintiff to avoid preemption based on differences between Plaintiff's state-law claims and claims of copyright infringement.  For instance, Plaintiff may spin the *harms* of his claims as distinct from copyright harms based on allegations that NVIDIA deceived consumers or otherwise distorted the competitive marketplace.  Compl. ¶ 49.  But any such distinctions are irrelevant where, as here, Plaintiff "only describe[s] the harms that resulted from . . . unauthorized use" of protected works.  *Tremblay*, 2024 WL 3640501, at *2; *Andersen*, 2024 WL 3823234, at *9 (rejecting argument that harms resulting from unjust enrichment claim were qualitatively distinct from copyright because they were tied "to [the] use of plaintiffs' works").

The same goes for differences between elements.  The Ninth Circuit has "squarely rejected" the notion that "an unfair competition claim" premised on "alleg[ed] misappropriat[ion]" contained an "additional element" "qualitatively different from copyright."  *Laws*, 448 F.3d at 1143-44.  And just this year, it held the same as to an "implied-in-law . . . unjust enrichment claim."  *Best Carpet Values*, 90 F.4th at 974; 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.15[G] (2023) ("[A] state-law cause of action for unjust enrichment or *quasi* contract should be regarded as an 'equivalent right' and, hence, preempted insofar as it applies to copyright subject matter.").  At bottom, both of Plaintiff's claims share the underlying nature of a copyright infringement claim, and those claims are therefore preempted.

**C.  Plaintiff's UCL and Unjust Enrichment Claims Fail as a Matter of Law.**

Even if Plaintiff's claims were not preempted by the Copyright Act, the claims would still fail as a matter of law.  Plaintiff neither pleads facts sufficient for UCL statutory standing nor states a plausible theory of liability.  And Plaintiff's unjust enrichment claim cannot survive because he

does not allege a benefit—conferred to NVIDIA at his expense—that NVIDIA retained unjustly.

### 1.  **Plaintiff's UCL Claim Fails.**

Plaintiff's UCL claim should be dismissed for three reasons:

*First*, Plaintiff fails to satisfy the UCL's heightened statutory standing test, which restricts recovery to individuals who "lost money or property" from the purported unfair conduct that forms the basis of the claim. *Sequeira v. U.S. Dep't of Homeland Sec.*, No. 22-CV-07996, 2024 WL 1221958, at *6 (N.D. Cal. Mar. 21, 2024) (emphasis omitted) (quoting Cal. Bus. Prof. Code § 17204).  For this claim, "intangible" injuries will not suffice. *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 324 (Cal. 2011) (quoting *Troyk v. Farmers Group, Inc*., 171 Cal. App. 4th 1305, 1348 n. 31 (Cal. Ct. App. 2009)).  UCL plaintiffs must "specifically allege" that they suffered an "economic injury," *Samet v. Procter & Gamble Co*., No. 12-CV-01891, 2013 WL 3124647, at *3 (N.D. Cal. June 18, 2013), by being "deprived of money or property to which [they have] a cognizable claim" or by having "a present or future property interest diminished," *Kwikset*, 51 Cal. 4th at 323.

No such injury is alleged in the Complaint.  Although Plaintiff alleges that *NVIDIA* "profited" from using his videos, Compl. ¶¶ 5, 48, nothing about those allegations "establish that *Plaintiff*[] *lost* money" as a result of NVIDIA's conduct.  *Desert Care Network*, 2024 WL 1343305, at *7 (emphasis added); *In re Facebook, Inc., Consumer Priv. User Profile Litig*., 402 F. Supp. 3d at 804 ("Facebook may have gained money through its sharing or use of the plaintiffs' information, but that's different from saying the plaintiffs lost money.").

Similarly lacking are any allegations of diminished property interests.  For instance, Plaintiff does not claim that NVIDIA inhibited his ability to monetize his YouTube videos, to the extent he even intended to do so.  *In re Google Assistant Priv. Litig*., 546 F. Supp. 3d 945, 972 (N.D. Cal. July 1, 2021) (finding "economic loss [was] purely hypothetical" where "there [were] no facts to suggest that Plaintiffs intended to monetize their individual voice recordings" allegedly retained by Google (quotation marks omitted)).  What remains is an allegation that NVIDIA failed to "attribute the success of [its] product" to Plaintiff and other YouTubers.  Compl. ¶ 49.  But that is the very type of "intangible" harm, divorced from money or property, that fails to state a claim under the

Hogan Lovells US
LLP
Attorneys At Law

- 10 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1    UCL. *Lagrisola v. N. Am. Fin. Corp.*, 96 Cal. App. 5th 1178, 1194 (Cal. Ct. App. 2023) (rejecting

2    "subjective assertion of an intangible harm").

3        Earlier this year, Judges Martínez-Olguín and Tigar dismissed analogous UCL claims

4    alleging unlawful business practices on this exact basis. *Tremblay,* 716 F. Supp. 3d at 780–781

5    (N.D. Cal. Feb. 12, 2024) (finding plaintiff's allegation of an "economic injury" was "speculative"

6    and his "UCL claim [of unlawful business practices] fail[ed] for this [] reason"); *Doe 1 v. GitHub,*

7    *Inc.*, 672 F. Supp. 3d 837, 860–861 (N.D. Cal. May 11, 2023) (dismissing UCL claim based on AI

8    model's use of plaintiffs' code because the complaint lacked allegations regarding the "loss of value

9    of the computer code"). Here too, Plaintiff's UCL claim fails on this ground alone.

10       *Second*, Plaintiff has failed to meet his threshold obligation of specifying a theory of

11   liability. That requirement draws on both Rule 8(a), which asks—at minimum—that Plaintiff allege

12   "the theory upon which the UCL claim is based," *Franklin Fueling Sys., Inc. v. Veeder-Root Co*.,

13   No. 09-CV-580, 2009 WL 2462505, at *8 (E.D. Cal. Aug. 11, 2009) (citing *Silicon Image, Inc. v.*

14   *Analogix Semiconductor, Inc.*, No. 07-CV-635, 2007 WL 1455903, at *9 (N.D. Cal. May 16,

15   2007)), and Rule 12(b)(6) caselaw holding that UCL claimants "must state with reasonable

16   particularity the facts supporting the statutory elements of the violation," *Ghalehtak v. Fay*

17   *Servicing, LLC*, 304 F. Supp. 3d 877, 890 (N.D. Cal. 2018) (quotation marks omitted).

18       The Complaint consists of allegations about undifferentiated "business practices" which

19   Plaintiff refers to variously as "unfair," "deceptive[]," and "unlawful." Compl. ¶¶ 45–49. These

20   allegations fail to satisfy the requirement that Plaintiff specify "what conduct forms the basis for

21   [his] claim." *Sumotext Corp. v. Zoove, Inc.*, No. 16-CV-01370, 2016 WL 6524409, at *3 (N.D.

22   Cal. Nov. 3, 2016). Plaintiff also alleges that NVIDIA's use of Plaintiff's videos for its "own

23   commercial profit" constituted "unfair, immoral, unethical, [or] oppressive" conduct. Compl. ¶ 48.

24   But the Ninth Circuit has held that similar allegations—which merely "recit[e] one of the UCL's

25   legal standards" and assert that a defendant acted with a "profit motive"—fail to give proper notice

26   of the basis for a UCL unfairness claim. *Doe v. CVS Pharmacy, Inc*., 982 F.3d 1204, 1215 (9th Cir.

27   2020) (citing Fed. R. Civ. P. 8(a)). To the extent any one theory is adequately noticed, the

28   Complaint contains no allegations—much less "reasonabl[y] particular[]" ones—to support the

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 11 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1    elements of a violation.  *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1050 (E.D.

2    Cal. 2010).

3         *Third*, Plaintiff fails to allege conduct sufficient to state a claim under any UCL prong.  The

4    UCL broadly proscribes "unfair competition," defined as "any unlawful, unfair or fraudulent

5    business act or practice . . . ."  *Cappello v. Walmart Inc.*, 394 F. Supp. 3d 1015, 1018 (N.D. Cal.

6    2019) (quoting Cal. Bus. & Prof. Code § 17200).  Each one of those adjectives, or "prongs," forms

7    a " 'separate and distinct theory of liability' and an independent basis for relief."  *Id.* (internal

8    quotation marks omitted) (quoting *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010)).

9         Start with the "unlawful" prong.  The UCL operates by "borrow[ing] violations of other

10   laws" and treating them as "independently actionable," *Batiste v. Robert W. Baird & Co.*, No. 23-

11   CV-02592, 2023 WL 7280446, at *4 (N.D. Cal. Oct. 4, 2023) (quotation marks omitted), meaning

12   plaintiffs must "identify an underlying statute that [the d]efendant violated."  *Penermon v. Wells*

13   *Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 1002 (N.D. Cal. 2014); *accord Lopez v. Bank of Am., N.A.*,

14   505 F. Supp. 3d 961, 976 (N.D. Cal. 2020).

15        Plaintiff makes no attempt to allege a violation of any law.  The only relevant allegation—

16   that NVIDIA violated the UCL itself, Compl. ¶ 47—by its terms fails to establish a violation of a

17   separate state or federal law.  *Mueller v. San Diego Ent. Partners, LLC*, 260 F. Supp. 3d 1283, 1299

18   (S.D. Cal. 2017) (holding allegation that defendant "violated [s] 17200 [the UCL]" did not establish

19   a violation of any of its prongs).  And apart from the conclusory assertion that certain practices

20   were "unlawful," Compl. ¶ 49, the Complaint identifies no other law that NVIDIA is alleged to

21   have violated.  *Tremblay,* 716 F. Supp. 3d at 780 (dismissing analogous UCL unlawfulness claim

22   against OpenAI because "the Court has dismissed the predicate DMCA claims"); *Doe 1*, 672

23   F. Supp. 3d at 860 (dismissing analogous UCL unlawfulness claims "[t]o the extent the predicate

24   claims have been dismissed").  *Martinez v. Welk Grp., Inc.*, No. 09-CV-2883, 2011 WL 90313, at

25   *11 (S.D. Cal. Jan. 11, 2011) (explaining that "courts dismiss the UCL claim" "where no statutory

26   violation occurs").

27        Plaintiff also fails to allege a cognizable type of "unfairness."  California courts look for

28   one of three things: (1) conduct "tethered to any underlying constitutional, statutory or regulatory

Hogan Lovells US
LLP
Attorneys At Law

- 12 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

provision, or that [] threatens an incipient violation of an antitrust law"; (2) practices that are "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers"; or (3) conduct where the "impact on the victim" outweighs the "justifications and motives of the alleged wrongdoer." *Doe*, 982 F.3d at 1214-15 (cleaned up) (outlining the three governing tests for UCL unfairness).  The first species of unfairness is not alleged.  The third, also not alleged, would fail because Plaintiff does not concretely allege a negative "impact" sufficient to confer legal standing either on himself or on consumers, *see supra* Section IV.A.  And while the Complaint does allege the second theory, Compl. ¶ 48, Plaintiff offers no more than a bare recitation of its standard. Although Plaintiff alleges that NVIDIA "unfairly profits" from his videos, "[w]ithout additional allegations" that "describe *why*" the alleged practices are "immoral, unethical, oppressive, . . . or substantially injurious to consumers," Plaintiff's "allegations are too conclusory and fail to state a plausible claim." *Barboza v. Mercedes-Benz USA, LLC*, No. 22-CV-0845, 2022 WL 17978408, at *5 (E.D. Cal. Dec. 28, 2022) (emphasis added).

Plaintiff's allegations under the "fraudulent" prong are deficient as well.  To plead UCL fraud, Plaintiff must satisfy the particularity requirements of Rule 9(b), *Smith v. LG Elecs. U.S.A., Inc.*, No. 13-CV-4361, 2014 WL 989742, at *9 (N.D. Cal. Mar. 11, 2014), including a "purportedly fraudulent statement" coupled with the "who, what, when, where, and how of the misconduct charged," *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1110 (9th Cir. 2017).  Rather than plead a false statement—or any of the relevant circumstances—Plaintiff merely alludes to alleged "deceptive[] market[ing]" practices and asserts that "consumers are likely to be deceived." Compl. ¶ 49. *Which* practices consumers were subject to or *how* they were deceived is anyone's guess.  Yet Rule 9(b) requires that Plaintiff answer those questions, and more, in the Complaint.  And the failure to do so warrants dismissal. *Tremblay,* 716 F. Supp. 3d at 781 (dismissing analogous UCL claim against OpenAI under the fraudulent prong for "fail[ing] to satisfy the heightened pleading requirements of 9(b)" because "Plaintiffs fail[ed] to indicate" which acts constituted "fraudulent business practices"); *ROTFL Prods., LLC v. Gzebb*, No. 13-CV-0293, 2013 WL 12181763, at *3 (N.D. Cal. Aug. 5, 2013) (dismissing UCL complaint that did not "specif[y] which of defendant's actions were fraudulent" or "aver specific false and misleading statements").

Hogan Lovells US
LLP
Attorneys At Law

- 13 -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

### 2. **Plaintiff Does Not State a Cognizable Unjust Enrichment Claim.**

To state a quasi-contract claim based on unjust enrichment, Plaintiff must allege both that (1) he "conferred a benefit on [NVIDIA]," *Estate of Hoefer v. ATC Realty Fifteen, Inc.*, No. 20-CV-06698, 2021 WL 148087, at *4 (N.D. Cal. Jan. 15, 2021) (quotation marks omitted), and (2) that NVIDIA retained the benefit "unjustly" as a result of "mistake, fraud, coercion, or request," *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting 55 Cal. Jur. 3d Restitution § 2 (2015)).[2]  Liability does not arise "merely because one person has realized a gain at another's expense."  *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023) (quotation marks omitted).  Absent the second element—sometimes referred to as "qualifying conduct"—"there is no injustice"; there is merely "enrichment."  *Id.*; *accord Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*, No. 20-cv-08686, 2021 WL 4133869, at *10 (N.D. Cal. Sept. 10, 2021).  Plaintiff cannot satisfy either element of liability.

To start, Plaintiff does not plausibly allege that he conferred a legally cognizable "benefit" on NVIDIA.  Benefits typically take the form of a tangible payment from plaintiff to defendant, *ESG Capital Partners, LP v. Strato*, 828 F.3d 1023, 1039 (9th Cir. 2016), or receipt of a plaintiff's "service" or "property" that "yield[s] a measurable increase in the recipient's wealth," Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011); *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1487 (Cal. Ct. App. 2014) (citing the Third Restatement extensively).

---

[2] Plaintiff appears to assert that unjust enrichment is a standalone cause of action although he "alternatively" claims that the same theory provides for a quasi-contract claim.  Compl. ¶ 37.  California Courts are clear that the former is incorrect:  "Unjust enrichment is not a cause of action.  It is just a restitution claim."  *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (Cal. Ct. App. 2018) (quotation marks omitted).  The Ninth Circuit likewise construes allegations of unjust enrichment as a cause of action for a quasi-contract seeking restitution.  *Astiana*, 783 F.3d at 762.  Accordingly, Plaintiff's claim should be construed as a quasi-contract cause of action and the Court should reject any demand for "[e]quitable relief" unique to unjust enrichment.  Compl. ¶ 43 (seeking "all profits from the wrongdoing").

The only benefits alleged here are NVIDIA's "revenues derived from the sales of their products" to third party "users." Compl. ¶¶ 38, 41. But any such revenues are not *Plaintiff's* money, property, or services—they came from someone else. In other words, "[t]he only benefit [NVIDIA] allegedly received . . . came from [a third party,] not from Plaintiff" and thus cannot give rise to a claim of unjust enrichment. *Am. Video Duplicating, Inc. v. City Nat'l Bank*, No. 20-cv-4036, 2020 WL 6882735, at *6 (C. D. Cal. Nov. 20, 2020) (dismissing unjust enrichment claim where Defendant allegedly received lender fee from a third party, not anything "*from Plaintiff*"); *Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1072 (S.D. Cal. 2021) (defendant's "unjust[] profit[s]" did not constitute a "benefit" where defendant allegedly used plaintiff's "likeness for its own commercial [gain]"); *Russell*, 680 F. Supp. 3d at 1133 (rejecting claim where benefit did not come "at the plaintiff's expense").

In addition, apart from conclusory assertions that NVIDIA's conduct was "prohibited," "unjust[,] and inequitable," Compl. ¶¶ 38–41, the Complaint is devoid of allegations of "qualifying conduct." *Russell*, 680 F. Supp. 3d at 1133. At most, Plaintiff claims he was an "unwitting[]" YouTuber—i.e., that he was not even aware of any activity by NVIDIA. Nowhere does he allege a "mistake" that conferred a benefit on NVIDIA. Compl. ¶ 38. Nor does he allege that NVIDIA "request[ed]" that he upload his videos for public consumption, let alone attempted to obtain the videos via "fraud" or "coercion." *Astiana*, 783 F.3d at 762. Plaintiff's assertion that NVIDIA violated YouTube's terms of service, Compl. ¶ 1, does not change that calculus as it does not resemble a claim for fraud and is in any event conclusory.[3] Without such conduct, the "mere [allegation] that [NVIDIA] obtain[ed] a benefit" unjustly is insufficient to sustain a claim. *Shum v. Intel Corp.*, 630 F. Supp. 2d 1063, 1073 (N.D. Cal. 2009), *aff'd*, 633 F.3d 1067 (Fed. Cir. 2010); *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009) (finding "a

---

[3] Plaintiff's allegations—to the extent they even satisfy Rule 8—fall well short of the heightened pleading standard of Rule 9(b), which applies if Plaintiff's unjust enrichment theory "sounds in fraud." *Regents of Univ. of Cal.*,  2021 WL 4133869, at *10; *accord Snarr v. Cento Fine Foods Inc.*, No. 19-CV-02627, 2019 WL 7050149, at *7 (N.D. Cal. Dec. 23, 2019).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1    conclusory allegation that defendants have been 'unjustly enriched' by 'retaining profits, income

2    and ill-gotten gains at the expense of plaintiff' " insufficient to state a claim).

3         Judges Martínez-Olguín and Tigar dismissed unjust enrichment claims in almost identical

4    cases on the same grounds just this year—notwithstanding allegations that defendants violated

5    applicable terms of service and other contractual agreements.  *Tremblay,* 716 F. Supp. 3d 772, 783

6    (N.D. Cal. Feb. 12, 2024) (dismissing unjust enrichment claim against OpenAI for allegedly

7    training an AI model on Plaintiffs' copyrighted work because "Plaintiffs have not alleged that

8    OpenAI unjustly obtained benefits from Plaintiffs' copyrighted works through fraud, mistake,

9    coercion, or request"); *Doe 1*, No. 22-cv-06823, Dkt. No. 253 at 5–7, 12 (N.D. Cal. June 24, 2024)

10   (dismissing unjust enrichment claim against GitHub for allegedly allowing an AI model to train on

11   Plaintiffs' code because Plaintiffs' claims "do not contain any allegations of mistake, fraud,

12   coercion, or request").  Taken together, the lack of any benefit conferred at Plaintiff's expense, and

13   the lack of any qualifying conduct on the part of NVIDIA warrant dismissal here, too.

14   **D.  The Court Should Dismiss with Prejudice**

15        Although plaintiffs may typically amend once as a matter of course, "leave to amend may

16   be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile."

17   *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988); *Sanchez v. Los Angeles Dep't of*

18   *Transportation*, No. 20-CV-5044, 2021 WL 1220690, at *6 (C.D. Cal. Feb. 23, 2021) (citing

19   *Albrecht* and granting pre-answer motion to dismiss with prejudice), *aff'd*, 35 F.4th 721 (9th Cir.

20   2022).  Two separate factors warrant dismissal with prejudice.

21        *First*, Plaintiff's copyright preemption defect turns not on the sufficiency of his allegations,

22   but on the "underlying nature" of the claims alleged.  *Tremblay*, 2024 WL 3640501, at *2 (quotation

23   marks omitted); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1011 (9th Cir. 2010) (affirming

24   dismissal of unjust enrichment claim with prejudice on preemption grounds); *Brown v. Van's Int'l*

25   *Foods, Inc*., No. 22-CV-00001, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022) (dismissing

26   complaint where defect "lies in the legal theory, not the factual allegations").  And no amount of

27   additional factual pleading can change those claims' core features.  "[A]ny attempt to amend the

28   UCL claim to avoid preemption" would be "futile" and dismissal with prejudice is therefore

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 16 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1    appropriate even at this early stage.  *Young Money Ent., LLC v. Digerati Holdings, LLC*, No. 12-

2    CV-07663, 2012 WL 5571209, at *9 (C.D. Cal. Nov. 15, 2012); *Parks v. Wells Fargo Bank, N.A.*,

3    No. 15-CV-2558, 2016 WL 411674, at *3 (S.D. Cal. Feb. 3, 2016) (granting pre-answer motion to

4    dismiss state law claims with prejudice on preemption grounds).

5         *Second*, Plaintiff has received ample notice of the deficiencies in his Complaint.  Although

6    this is Plaintiff's first Complaint in this action, it is his third in two months alleging identical

7    claims—the same ones that have been dismissed in four separate actions (involving other plaintiffs)

8    in the past fifteen months.  *See supra* IV.B.2.  "Even the most cursory legal inquiry" required by

9    Rule 11 would reveal the problems with those claims identified throughout this District.  *Holgate*

10   *v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).  But instead, Plaintiff chose to copy the deficient

11   allegations from one of those actions rather than assert a *bona fide* legal theory.  *Compare* Compl.

12   ¶ 49, *with Tremblay v. OpenAI, Inc.,* No. 23-CV-3223, Dkt. No. 120 (Am. Compl.) at ¶¶ 73–74

13   (N.D. Cal. Mar. 13, 2024).  The Court should dismiss with prejudice given Plaintiff's "several

14   opportunities" to address these well-tread problems.  *Gama v. Bd. of Trustees of California State*

15   *Univ.*, No. 18-CV-02552, 2019 WL 7763827, at *1 (N.D. Cal. Apr. 8, 2019).

16   **V. CONCLUSION**

17        For these reasons, the Court should dismiss the Complaint with prejudice.

18

19

20

21

22

23

24

25

26

27

28

Dated:    November 4, 2024        **HOGAN LOVELLS US LLP**

By: */s/ Vassi Iliadis*

Vassi Iliadis
Elliot Herzig
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
vassi.iliadis@hoganlovells.com
elliot.herzig@hoganlovells.com

Neal Kumar Katyal (*Pro Hac Vice*)
William Havemann (*Pro Hac Vice*)
Nathaniel A.G. Zelinsky (*Pro Hac Vice*)
Ezra P. Louvis (*Pro Hac Vice*)
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
neal.katyal@hoganlovells.com
will.havemann@hoganlovells.com
nathaniel.zelinsky@hoganlovells.com
ezra.louvis@hoganlovells.com

*Attorneys for Defendant NVIDIA Corporation*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1

**ECF ATTESTATION**

2          Pursuant to Civil Local Rule 5-1(i)(3), I, Vassi Iliadis, am the ECF user whose identification

3   and password are being used to file this Stipulation.  I hereby certify that all other signatories to

4   this document have concurred in its filing.

5

6   Dated:    November 4, 2024                              By: */s/ Vassi Iliadis*

7                                                               Vassi Iliadis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28