Vassi Iliadis (State Bar No. 296382)
Elliot Herzig (State Bar No. 345779)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
vassi.iliadis@hoganlovells.com
elliot.herzig@hoganlovells.com

Neal Kumar Katyal (*Pro Hac Vice*)
William Havemann (*Pro Hac Vice*)
Nathaniel A.G. Zelinsky (*Pro Hac Vice*)
Ezra P. Louvis (*Pro Hac Vice*)
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
neal.katyal@hoganlovells.com
will.havemann@hoganlovells.com
nathaniel.zelinsky@hoganlovells.com
ezra.louvis@hoganlovells.com

*Attorneys for Defendant NVIDIA Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MILLETTE and RUSLANA PETRYAZHNA, individually and on behalf of all others similarly situated, | Case No. 5:24-cv-05157-EJD |
| | The Honorable Edward J. Davila |
| Plaintiffs, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| NVIDIA CORPORATION | |
| Defendant. | |
| | Judge: Hon. Edward J. Davila |
| | Date: May 15, 2025 |
| | Time: 9:00 a.m. [Requested] |
| | Place: Courtroom 4 – 5th Floor |

1

2    Dated:    February 10, 2025         **HOGAN LOVELLS US LLP**

3                                        By: /s/ *Vassi Iliadis*

4                                        Vassi Iliadis
                                         Elliot Herzig
5                                        1999 Avenue of the Stars, Suite 1400
                                         Los Angeles, CA 90067
6                                        Tel: (310) 785-4600
                                         Fax: (310) 785-4601
7                                        vassi.iliadis@hoganlovells.com
                                         elliot.herzig@hoganlovells.com
8
                                         Neal Kumar Katyal (*Pro Hac Vice*)
9                                        William Havemann (*Pro Hac Vice*)
                                         Nathaniel A.G. Zelinsky (*Pro Hac Vice*)
10                                       Ezra P. Louvis (*Pro Hac Vice*)
                                         **HOGAN LOVELLS US LLP**
11                                       555 Thirteenth Street, NW
                                         Washington, DC 20004
12                                       Tel: (202) 637-5600
                                         Fax: (202) 637-5910
13                                       neal.katyal@hoganlovells.com
                                         will.havemann@hoganlovells.com
14                                       nathaniel.zelinsky@hoganlovells.com
                                         ezra.louvis@hoganlovells.com
15
                                         *Attorneys for Defendant NVIDIA Corporation*
16

17

18

19

20

21

22

23

24

25

26

27

28

- i -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1

2    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

3    **PLEASE TAKE NOTICE** that on May 15, 2025, at 9:00 a.m., or as soon thereafter as

4    the matter may be heard, in the United States District Court for the Northern District of California,

5    Courtroom 4, 5th Floor, located at 280 South 1st Street, San Jose, CA 95113, Defendant NVIDIA

6    corporation ("NVIDIA"), through their undersigned counsel, will, and hereby does, move to

7    dismiss Counts I, II, III, and IV of the Amended Complaint pursuant to Federal Rule of Civil

8    Procedure 12(b)(1) for lack of Article III standing and Counts I, II, and III of the Amended

9    Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon

10   which relief may be granted.

11   NVIDIA's Motion to Dismiss is based on this Notice, the supporting Memorandum of

12   Points and Authorities, the complete files and records in this action, and any additional material

13   and arguments as may be considered in connection with the hearing on the Motion.

14                                    **<u>ISSUES TO BE DECIDED</u>**

15   The Motion presents the following issues to be decided:

16   (1) whether Counts I, II, III, and IV of the Complaint, for unjust enrichment, violation of

17   Cal. Bus. & Prof. Code § 17200, *et seq.*, violation of Mass. Gen. Law. Ch. 93A *et seq*., and for

18   copyright infringement should be dismissed under Rule 12(b)(1) for lack of Article III standing;

19   (2) whether Counts I, II, and III of the Complaint should be dismissed under Rule

20   12(b)(6) as preempted by Section 301 of the Copyright Act; and

21   (3) whether Counts I, II, and III of the Complaint should be dismissed under Rule 12(b)(6)

22   for failure to state a claim.

23

24

25

26

27

28

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

- ii -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

Dated:    February 10, 2025        **HOGAN LOVELLS US LLP**

By: */s/ Vassi Iliadis*

Vassi Iliadis
Elliot Herzig
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
vassi.iliadis@hoganlovells.com
elliot.herzig@hoganlovells.com

Neal Kumar Katyal (*Pro Hac Vice*)
William Havemann (*Pro Hac Vice*)
Nathaniel Zelinsky (*Pro Hac Vice*)
Ezra Louvis (*Pro Hac Vice*)
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
neal.katyal@hoganlovells.com
will.havemann@hoganlovells.com
nathaniel.zelinsky@hoganlovells.com
ezra.louvis@hoganlovells.com

*Attorneys for Defendant NVIDIA Corporation*

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................. 3

III. LEGAL STANDARD ..................................................................................................... 4

IV. ARGUMENT ................................................................................................................. 4

    A.    Plaintiff Lacks Article III Standing ................................................................... 4

    B.    The Copyright Act Preempts Plaintiff's Claims ............................................... 8

        1.    Plaintiff's Videos are the "Subject Matter of Copyright" ..................... 8

        2.    Plaintiff's Claims are "Equivalent" to Claims of Copyright
               Infringement ......................................................................................... 9

    C.    Plaintiff's UCL and Unjust Enrichment Claims Fail as a Matter of Law ...... 11

        1.    Plaintiff's UCL Claim Fails ................................................................ 11

        2.    Plaintiff Does Not State a Cognizable Unjust Enrichment Claim......... 16

        3.    Plaintiff Millette Fails to State a 93A Claim ...................................... 18

    D.    The Court Should Dismiss with Prejudice ..................................................... 21

V. CONCLUSION ............................................................................................................. 23

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- iv -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES:

4

*Albrecht v. Lund*,
  845 F.2d 193 (9th Cir. 1988) ............................................................................ 21

5

*Am. Master Lease LLC v. Idanta Partners, Ltd.*,
  225 Cal. App. 4th 1451 (Cal. Ct. App. 2014) ................................................... 17

6

*Am. Video Duplicating, Inc. v. City Nat'l Bank*,
  No. 20-cv-4036, 2020 WL 6882735 (C. D. Cal. Nov. 20, 2020) ...................... 17

7

8

*Andersen v. Stability AI Ltd.*,
  No. 23-CV-00201, 2024 WL 3823234 (N.D. Cal. Aug. 12, 2024) .............. 1, 10, 11

9

10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 4

11

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) ....................................................................... 16, 18

12

13

*B.K. v. Desert Care Network*,
  No. 23-CV-5021, 2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) ..................... 5, 12

14

*Barboza v. Mercedes-Benz USA, LLC*,
  No. 22-CV-0845, 2022 WL 17978408 (E.D. Cal. Dec. 28, 2022) .................... 15

15

16

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) .............................................................................. 4

17

18

*Batiste v. Robert W. Baird & Co.*,
  No. 23-CV-02592, 2023 WL 7280446 (N.D. Cal. Oct. 4, 2023) ...................... 14

19

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 4-6

20

21

*Best Carpet Values, Inc. v. Google, LLC*,
  90 F.4th 962 (9th Cir. 2024) ........................................................................... 8-11

22

23

*Brantley v. Prisma Labs, Inc.*,
  No. 23 C 1566, 2024 WL 3673727 (N.D. Ill. Aug. 6, 2024) .............................. 7

24

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
  373 F.3d 296 (2d Cir. 2004) ............................................................................... 9

25

26

*Brown v. Van's Int'l Foods, Inc.*,
  No. 22-CV-00001, 2022 WL 1471454 (N.D. Cal. May 10, 2022) .................... 22

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- v -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Boyle v. Douglas Dynamics, LLC*,
   292 F. Supp. 2d 198 (D. Mass. 2003)...................................................................................21

*Cappello v. Walmart Inc.*,
   394 F. Supp. 3d 1015 (N.D. Cal. 2019)..............................................................................14

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013) ..............................................................................................................4

*Clark v. Countrywide Home Loans, Inc.*,
   732 F. Supp. 2d 1038 (E.D. Cal. 2010) ..............................................................................14

*Cottle v. Plaid Inc.*,
   536 F. Supp. 3d 461 (N.D. Cal. 2021)..................................................................................2

*Crommelin v. Takeda Pharms. U.S.A., Inc.*,
   --- F. Supp. 3d ---, 2024 WL 4045730 (D. Mass. Sept. 4, 2024)......................................20

*Cusano v. Klein*,
   473 F. App'x 803 (9th Cir. 2012).......................................................................................10

*Davidson v. Kimberly-Clark Corp.*,
   873 F.3d 1103 (9th Cir. 2017).............................................................................................16

*De Havilland v. FX Networks, LLC*,
   21 Cal. App. 5th 845 (Cal. Ct. App. 2018).........................................................................16

*Doe v. CVS Pharmacy, Inc.*,
   982 F.3d 1204 (9th Cir. 2020)........................................................................................14, 15

*Doe 1 v. GitHub, Inc.*,
   672 F. Supp. 3d 837 (N.D. Cal. 2023) ...........................................................................13, 15

*Doe 1 v. GitHub, Inc.*,
   No. 22-CV-06823, 2024 WL 235217 (N.D. Cal. Jan. 3, 2024) ....................................1, 7, 10

*ESG Capital Partners, LP v. Strato*,
   828 F.3d 1023 (9th Cir. 2016).............................................................................................17

*Estate of Hoefer v. ATC Realty Fifteen, Inc.*,
   No. 20-CV-06698, 2021 WL 148087 (N.D. Cal. Jan. 15, 2021) ........................................16

*Firoozye v. Earthlink Network*,
   153 F. Supp. 2d 1115 (N.D. Cal. 2001)............................................................................2, 9

*FDA v. All. for Hippocratic Med.*,
   602 U.S. 367 (2024) ..............................................................................................................5

*Franklin Fueling Sys., Inc. v. Veeder-Root Co.*,
   No. 09-CV-580, 2009 WL 2462505 (E.D. Cal. Aug. 11, 2009) ........................................13

Hogan Lovells US
LLP
Attorneys At Law

- vi -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Frost v. BI 40, LLC*,
    No. 22-CV-11005, 2023 WL 6307530 (D. Mass. Aug. 29, 2023).......................................... 19

*Gama v. Bd. of Trustees of California State Univ.*,
    No. 18-CV-02552, 2019 WL 7763827 (N.D. Cal. Apr. 8, 2019) ......................................... 22

*Ghalehtak v. Fay Servicing, LLC*,
    304 F. Supp. 3d 877 (N.D. Cal. 2018)................................................................. 13

*Holgate v. Baldwin*,
    425 F.3d 671 (9th Cir. 2005)......................................................................... 22

*H.R. Technologies, Inc. v. Astechnologies, Inc.*,
    275 F.3d 1378 (Fed. Cir. 2002)...................................................................... 21

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
    402 F. Supp. 3d 767 (N.D. Cal. 2019)............................................................ 6, 12

*In re Google Assistant Priv. Litig.*,
    457 F. Supp. 3d 797 (N.D. Cal. 2020).............................................................. 7

*In re Google Assistant Priv. Litig.*,
    546 F. Supp. 3d 945 (N.D. Cal. July 1, 2021)..................................................... 12

*Jalbert v. Grautski*,
    554 F. Supp. 2d 57 (D. Mass. 2008)............................................................... 11

*Kadrey v. Meta Platforms, Inc.*,
    No. 23-CV-03417, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023)..................................... 2, 10

*Kwikset Corp. v. Superior Ct.*,
    51 Cal. 4th 310 (Cal. 2011) ......................................................................... 12

*LaCourt v. Specific Media, Inc.*,
    No. 10-CV-1256, 2011 WL 1661532 (C.D. Cal. Apr. 28, 2011)......................................... 6

*Lagrisola v. N. Am. Fin. Corp.*,
    96 Cal. App. 5th 1178 (Cal. Ct. App. 2023)....................................................... 13

*Laws v. Sony Music Entertainment, Inc.*,
    448 F.3d 1134 (9th Cir. 2006)..................................................................... 8, 11

*L.B. Corp v. Schweitzer-Mauduit Intern., Inc.*,
    121 F. Supp. 2d 147 (D. Mass. 2000)............................................................... 19

*Lewis v. Casey*,
    518 U.S. 343 (1996) .................................................................................. 5

*Lopez v. Bank of Am., N.A.*,
    505 F. Supp. 3d 961 (N.D. Cal. 2020)............................................................. 14

- vii -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Low v. LinkedIn Corp.*,
   No. 11-CV-01468, 2011 WL 5509848 (N.D. Cal. Nov. 11, 2011) ........................................ 6

*Mack v. Cultural Care Inc.*,
   No. 19-CV-11530, 2020 WL 4673522 (D. Mass. Aug. 12, 2020) .................................... 21

*Maloney v. T3Media, Inc.*,
   853 F.3d 1004 (9th Cir. 2017) ................................................................................. 8

*Martinez v. Welk Grp., Inc.*,
   No. 09-CV-2883, 2011 WL 90313 (S.D. Cal. Jan. 11, 2011) ...................................... 15

*Media.net Advert. FZ-LLC v. Netseer, Inc.*,
   198 F. Supp. 3d 1083 (N.D. Cal. 2016) .................................................................... 2

*Miller v. Mooney*,
   725 N.E.2d 545 (Mass. 2000) .................................................................................. 19

*Montz v. Pilgrim Films & Television, Inc.*,
   649 F.3d 975 (9th Cir. 2011) ................................................................................... 9

*Mueller v. San Diego Ent. Partners, LLC*,
   260 F. Supp. 3d 1283 (S.D. Cal. 2017) .................................................................... 14

*O'Hara v. Diageo-Guinness, USA, Inc.*,
   306 F. Supp. 3d 441 (D. Mass. 2018) ...................................................................... 19

*Opperman v. Path, Inc.*,
   87 F. Supp. 3d 1018 (N.D. Cal. 2014) ....................................................................... 5

*Parks v. Wells Fargo Bank, N.A.*,
   No. 15-CV-2558, 2016 WL 411674 (S.D. Cal. Feb. 3, 2016) ...................................... 22

*Patnaik v. Hearst Corp.*,
   No. CV 14-05158, 2015 WL 12746704 (C.D. Cal. Jan. 7, 2015) .............................. 2, 9

*Penermon v. Wells Fargo Bank, N.A.*,
   47 F. Supp. 3d 982 (N.D. Cal. 2014) ...................................................................... 14

*Perkins v. LinkedIn Corp.*,
   53 F. Supp. 3d 1190 (N.D. Cal. 2014) ....................................................................... 7

*Pershouse v. L.L. Bean, Inc.*,
   368 F. Supp. 3d 185 (D. Mass. 2019) ...................................................................... 19

*Raw Story Media, Inc. v. OpenAI, Inc.*,
   --- F. Supp. 3d ---, 2024 WL 4711729 (S.D.N.Y. Nov. 7, 2024) .............................. 6, 8

*Real View, LLC v. 20-20 Techs., Inc.*,
   789 F. Supp. 2d 268 (D. Mass. 2011) ...................................................................... 10

Hogan Lovells US
LLP
Attorneys At Law

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*,
    No. 20-cv-08686, 2021 WL 4133869 (N.D. Cal. Sept. 10, 2021) .................................. 17, 18

*Rosal v. First Fed. Bank of Cal.*,
    671 F. Supp. 2d 1111 (N.D. Cal. 2009).................................................................. 18

*ROTFL Prods., LLC v. Gzebb*,
    No. 13-CV-0293, 2013 WL 12181763 (N.D. Cal. Aug. 5, 2013)............................. 16

*Rubio v. Cap. One Bank*,
    613 F.3d 1195 (9th Cir. 2010) ............................................................................. 14

*Rule v. Fort Dodge Animal Health, Inc.*,
    607 F.3d 250 (1st Cir. 2010) ................................................................................ 19

*Russell v. Walmart, Inc.*,
    680 F. Supp. 3d 1130 (N.D. Cal. 2023)................................................................ 17

*Samet v. Procter & Gamble Co.*,
    No. 12-CV-01891, 2013 WL 3124647 (N.D. Cal. June 18, 2013) ........................ 12

*Sanchez v. L.A. Dep't of Transportation*,
    No. 20-CV-5044, 2021 WL 1220690 (C.D. Cal. Feb. 23, 2021).......................... 21

*Sequeira v. U.S. Dep't of Homeland Sec.*,
    No. 22-cv-07996, 2024 WL 1221958 (N.D. Cal. Mar. 21, 2024).......................... 12

*Shaulis v. Nordstrom, Inc.*,
    865 F.3d 1 (1st Cir. 2017) .................................................................................... 19

*Shum v. Intel Corp.*,
    630 F. Supp. 2d 1063 (N.D. Cal. 2009)................................................................ 18

*Silicon Image, Inc. v. Analogix Semiconductor, Inc.*,
    No. 07-CV-635, 2007 WL 1455903 (N.D. Cal. May 16, 2007) ........................... 13

*Smith v. LG Elecs. U.S.A., Inc.*,
    No. 13-CV-4361, 2014 WL 989742 (N.D. Cal. Mar. 11, 2014)........................... 15

*Snarr v. Cento Fine Foods Inc.*,
    No. 19-CV-02627, 2019 WL 7050149 (N.D. Cal. Dec. 23, 2019) ........................ 18

*Stavrinides v. Vin Di Bona*,
    No. 18-CV-00314, 2018 WL 1311440 (C.D. Cal. Mar. 12, 2018) .......................... 9

*Sullivan Surveying Co., LLC v. TD Bank, N.A.*,
    No. 15-CV-11819, 2015 WL 4207133 (D. Mass. July 10, 2015).......................... 20

*Sumotext Corp. v. Zoove, Inc.*,
    No. 16-CV-01370, 2016 WL 6524409 (N.D. Cal. Nov. 3, 2016).......................... 13

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- ix -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Sweet People Apparel, Inc. v. Louis Grp., Inc.*,
   No. 12-CV-1206673, 2013 WL 12131735 (C.D. Cal. Jan. 31, 2013)....................................15

*Swenson v. Yellow Transp., Inc.*,
   317 F. Supp. 2d 51 (D. Mass. 2004)....................................................................................19

*Telesaurus VPC, LLC v. Power*,
   623 F.3d 998 (9th Cir. 2010) ...............................................................................................22

*Tomasella v. Nestle USA, Inc.*,
   962 F.3d 60 (1st Cir. 2020) ...........................................................................................20, 21

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) .........................................................................................................5, 6

*Tremblay v. OpenAI, Inc.*,
   No. 23-cv-03223, 2024 WL 3640501 (N.D. Cal. July 30, 2024).....................1, 3, 10, 11, 22

*Tremblay v. OpenAI, Inc.*,
   716 F. Supp. 3d 772 (N.D. Cal. Feb. 12, 2024).............................................2, 13, 14, 16, 18

*Troyk v. Farmers Group, Inc.*,
   171 Cal. App. 4th 1305 (Cal. Ct. App. 2009)......................................................................12

*Tyler v. Michaels Stores, Inc.*,
   984 N.E.2d 737 (Mass. 2013)..............................................................................................19

*Underwood v. Risman*,
   605 N.E.2d 832 (Mass. 1993)..............................................................................................20

*Upper Deck Co. v. Flores*,
   569 F. Supp. 3d 1050 (S.D. Cal. 2021) ...............................................................................17

*Wible v. Aetna Life Ins. Co.*,
   375 F. Supp. 2d 956 (C.D. Cal. 2005)...................................................................................7

*WNAC, LLC v. Verizon Corp. Servs. Grp., Inc.*,
   No. 21-CV-10750, 2022 WL 17752132 (D. Mass. Dec. 19, 2022) ......................................10

*X Corp. v. Bright Data Ltd.*,
   733 F. Supp. 3d 832 (N.D. Cal. 2024)..................................................................................11

*X Corp. v. Bright Data Ltd.*,
   No. 23-CV-03698, 2024 WL 4894290 (N.D. Cal. Nov. 26, 2024)...................................1, 10

*Young Money Ent., LLC v. Digerati Holdings, LLC*,
   No. 12-CV-07663, 2012 WL 5571209 (C.D. Cal. Nov. 15, 2012) .......................................22

*Yu v. ByteDance Inc.*,
   No. 23-CV-03503, 2023 WL 5671932 (N.D. Cal. Sept. 1, 2023)...........................................9

- x -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Yunker v. Pandora Media, Inc.*,
   No. 11-CV-03113 JSW, 2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) ................................. 6

**STATUTES:**

17 U.S.C. § 102
   (a)(5)........................................................................................................................................ 9
   (a)(6)........................................................................................................................................ 2

17 U.S.C. § 106 ................................................................................................................... 10
   (1) ............................................................................................................................................ 2
   (2) ............................................................................................................................................ 2

17 U.S.C. § 301 ..................................................................................................................... 8

Cal. Bus. Prof. Code. § 17200........................................................................................... 14

Cal. Bus. Prof. Code. § 17204........................................................................................... 12

Mass. Gen. Laws ch. 93A § 2(a) ....................................................................................... 20

**RULE:**

Fed. R. Civ. P. 8(a) ............................................................................................................ 14

Fed. R. Civ. P. 15(a)(2) ...................................................................................................... 21

**OTHER AUTHORITIES:**

55 Cal. Jur. 3d Restitution § 2 (2015) ............................................................................... 16

Ryan McGrady, *What We Discovered on 'Deep YouTube'*, The Atlantic (Jan. 26, 2024),
   https://www.theatlantic.com/technology/archive/2 ....................................................... 7

1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.15[G] (2023) ................... 11

Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011) ........................................ 17

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

## I. INTRODUCTION

This case is one of three nearly identical putative class action suits filed against technology companies based on their purported training of AI models using video content that Plaintiffs David Millette and Ruslana Petryazhna ("Plaintiffs") uploaded to YouTube. Amended Complaint ("Am. Compl."); *Millette v. OpenAI, Inc.*, No. 24-CV-4710, Dkt. No. 47 (Aug. 2, 2024); *Millette v. Google LLC*, No. 24-CV-4708, Dkt. No. 35 (N.D. Cal. Aug. 2, 2024). Plaintiffs' claims against NVIDIA are flawed in three respects, any one of which warrants dismissal.

*First*, Plaintiffs lack Article III standing. Their claims are based on allegations that NVIDIA "scraped," without consent, videos that Plaintiffs purportedly uploaded to YouTube, and then "unfairly profit[ed]" by using those videos to train its AI models. Am. Compl. ¶¶ 5, 8, 52. But the Amended Complaint is devoid of allegations that Plaintiffs have suffered or will suffer a concrete, particularized injury in fact sufficient to confer standing under Article III. For example, beyond a conclusory allegation that each Plaintiff suffered unspecified "economic injury," the Amended Complaint offers no plausible basis to infer that NVIDIA utilized *Plaintiffs'* videos to train its AI models.

*Second*, as numerous courts in this District have concluded in similar cases, the Copyright Act preempts Plaintiffs' state-law claims. *E.g.*, *X Corp. v. Bright Data Ltd*., No. 23-CV-03698, 2024 WL 4894290, at *12 (N.D. Cal. Nov. 26, 2024) (Alsup, J.) (denying leave to amend "scraping-related claims" for "misappropriation, unjust enrichment, and related tortious interference" on preemption grounds) (emphasis omitted); *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, 2024 WL 3640501, at *2 (N.D. Cal. July 30, 2024) (Martínez-Olguín, J.) (holding Copyright Act preempted UCL claim based on "use" of plaintiff's books to train AI); *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823, 2024 WL 235217, at *7–9 (N.D. Cal. Jan. 3, 2024) (Tigar, J.) (holding Copyright Act preempted claims for "unjust enrichment" and "unfair competition" based on allegations that AI model reproduced a plaintiff's licensed code as preempted by the Copyright Act); *Andersen v. Stability AI Ltd*., No. 23-CV-00201, 2024 WL 3823234, at *9 (N.D. Cal. Aug. 12, 2024) (Orrick, J.) (holding Copyright Act preempted unjust enrichment claim based on the "use" of plaintiffs' works to "train, develop, and promote" defendants' AI products); *Kadrey v. Meta Platforms, Inc*.,

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

No. 23-CV-03417, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023) (Chhabria, J.) (holding Copyright Act preempted "UCL" and "unjust enrichment" claims premised on "the use of the plaintiffs' books to train [a large language model]"). The statute's "explicit and broad" preemption provision bars any state-law protection for rights equivalent to the "exclusive rights" in works within the Act's scope. *Media.net Advert. FZ-LLC v. Netseer, Inc*., 198 F. Supp. 3d 1083, 1087 & n.2 (N.D. Cal. 2016).

The Amended Complaint asserts rights in videos, which fall within the scope of "audiovisual works." 17 U.S.C. § 102(a)(6). And Plaintiffs' allegations about NVIDIA using "unauthorized" "reproductions" of those videos echo the exclusive rights to "reproduce" copyrighted work, to "prepare derivative works," and to "authorize" the same. Am. Compl. ¶¶ 52–53; 17 U.S.C. § 106(1)–(2). Indeed, Plaintiff Petryazhna claims that these very same allegations make out a plausible copyright infringement claim. Am. Compl. ¶¶ 77–86. To be clear—Plaintiff lacks standing to assert a copyright claim and NVIDIA intends to defend that claim, including by presenting a fair use defense should this case proceed—but its inclusion in the Amended Complaint undermines any argument Plaintiffs have to avoid preemption. That Plaintiff Millette fails to assert that his videos are protected by copyright is of no consequence, as his videos and his allegations of wrongdoing are within the subject matter of the Copyright Act. *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1124 (N.D. Cal. 2001); *Patnaik v. Hearst Corp*., No. CV 14-05158, 2015 WL 12746704, at *8 (C.D. Cal. Jan. 7, 2015).

*Third*, Plaintiffs' California Unfair Competition Law ("UCL"), California unjust enrichment, and Massachusetts Unfair and Deceptive Business Practices ("93A") causes of action fail to state a claim. Plaintiffs' UCL claim fails because they cannot satisfy the UCL's exacting statutory standing requirement for "economic injury." *Cottle v. Plaid Inc*., 536 F. Supp. 3d 461, 483 (N.D. Cal. 2021). Plaintiffs' conclusory assertions that NVIDIA engaged in "unfair," "unlawful," and "deceptive[]" practices for "commercial profit," which "outweigh[ed] any benefit to consumers," Am. Compl. ¶¶ 50–55, cannot make out a plausible theory of UCL liability. Plaintiffs' unjust enrichment claim mirrors nearly identical claims filed by others in this District that were dismissed. *Tremblay v. OpenAI, Inc.,* 716 F. Supp. 3d 772, 781 (N.D. Cal. Feb. 12, 2024);

Hogan Lovells US LLP
Attorneys At Law

- 2 -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*Doe 1*, No. 22-CV-06823, Dkt. No. 253 at 12 (N.D. Cal. June 24, 2024).  And Plaintiff Millette's 93A claim similarly fails to satisfy key threshold requirements.

The Court should dismiss the Amended Complaint in its entirety with prejudice.  Dismissal with prejudice is warranted here given Plaintiffs' ample notice of their claims' deficiencies.  Even a cursory review of the caselaw in this District would alert them to the multiple similar and recent actions dismissed with prejudice.  Indeed, in the Complaint, Plaintiffs copied word-for-word the same allegations that Judge Martínez-Olguín dismissed with prejudice last July.  *Compare* Compl. ¶ 49, *with Tremblay v. OpenAI, Inc.,* No. 23-CV-3223, Dkt. No. 120 (Am. Compl.) at ¶¶ 73–74 (N.D. Cal. Mar. 13, 2024); *Tremblay,* 2024 WL 3640501 at *2 (dismissing "¶¶ 34, 71, 73–74" with prejudice).  Remarkably, Plaintiffs kept that same language in the Amended Complaint.  Am Compl. ¶ 53.  Instead of trying to buttress those allegations with new facts, Plaintiffs simply tacked on two additional claims—Plaintiff Petryazhna's claim for copyright infringement and Plaintiff Millette's Massachusetts 93A claim.  But both claims fail for lack of standing, and the latter is also deficient as a matter of law.  Further leave to amend will not produce an actionable complaint, and Plaintiffs have already had their shot at amendment as a matter of course.  Indeed, this is the sixth complaint that Millette has filed across his three cases pending before this Court.  This Court should put an end to this litigation.

## II.   BACKGROUND

Plaintiffs Millette and Petryazhna allege that they created YouTubes accounts in June 2009 and 2008, respectively, and that they have "uploaded" "video content" to YouTube since then.  Am. Compl. ¶¶ 6, 7.  Plaintiff Petryazhna alleges that she registered her YouTube content with the United States Copyright office.  *Id*. ¶ 7.  Plaintiff Millette does not assert that the videos he purportedly uploaded are subject to a copyright or contain any personal content or information.

Nevertheless, Plaintiffs allege in a conclusory fashion that NVIDIA "scraped" their videos, as well as "millions of [other] YouTube videos," "for the purpose of training its AI system," Cosmos, "without permission."  *Id*. ¶¶ 3, 8.  Plaintiffs claim that NVIDIA used "transcriptions and copies" of their YouTube videos, among others, to make NVIDIA's products more valuable to consumers.  *Id*. ¶¶ 53, 55.  NVIDIA's resulting profits, they claim, were "unfair[]" because they

relied on "unattributed reproductions" of his "videos and ideas." *Id*. ¶ 52.

Based on these allegations, both Plaintiffs bring claims of unjust enrichment, *id*. ¶¶ 37–48, and violation of the UCL, *id*. ¶¶ 49–55.  They purport to represent a nationwide class defined as "all persons or entities domiciled in the United States that uploaded any YouTube video that was fed to and used as training data for the 'Cosmos' AI Project without their consent."  *Id*. ¶ 25. Plaintiff Millette asserts a Massachusetts 93A claim and purports to represent a Massachusetts subclass.  *Id*. ¶ 26.[1]  And Plaintiff Petryazhna brings a claim of copyright infringement on behalf of herself and a "copyright class"—a subclass of individuals whose registered copyright material appears in their YouTube videos.  *Id*. ¶ 27.  Plaintiffs seek "restitution and all other forms of equitable monetary relief" as well as "injunctive relief as the Court may deem proper."  *Id*. at 17.

## III. LEGAL STANDARD

Article III standing is a "threshold" jurisdictional issue addressed under Rule 12(b)(1). *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).  Plaintiffs bear the burden of demonstrating they have Article III standing, requiring that Plaintiffs show injury that is (i) "concrete, particularized, and actual or imminent," (ii) "fairly traceable to the challenged action," and (iii) "redressable by a favorable ruling."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citations omitted).

To overcome a Rule 12(b)(6) motion to dismiss, a complaint must contain enough facts, taken as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[A] formulaic recitation of the elements of a cause of action" and "naked assertions devoid of further factual enhancement" "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up) (quoting *Twombly*, 550 U.S. at 555, 557).  It is also not enough that the facts are "merely consistent with a defendant's liability" or give rise to a "mere possibility of misconduct." *Id*. at 678–679 (quotation marks omitted).  Instead, Plaintiffs' claim to relief must be

---

[1] Plaintiffs filed a Statement of Non-Opposition to dismissal of identical state-law claims in their related suit against OpenAI.  Millette v. OpenAI, Inc., No. 24-CV-4710, Dkt. No. 60 (Feb. 7, 2025). As explained infra IV.B., these claims are clearly preempted by the Copyright Act.

- 4 -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1   "plausible on its face." *Id.* at 663 (quoting *Twombly*, 550 U.S. at 570).

2   **IV.  ARGUMENT**

3   **A.  Plaintiffs Lack Article III Standing.**

4           The Amended Complaint lacks sufficient allegations to establish Article III standing.

5   Article III allows for suit only if Plaintiffs suffered an injury in fact that is "concrete, particularized,

6   and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  Any injury must

7   "affect the plaintiff in a personal and individual way." *FDA v. All. for Hippocratic Med*., 602 U.S.

8   367, 381 (2024) (quotation marks omitted).  That is equally true in class actions where "[n]amed

9   plaintiffs must show that they personally have been injured, not that injury has been suffered by

10  other, unidentified members of the class to which they belong." *Lewis v. Casey*, 518 U.S. 343, 357

11  (1996) (quotation marks omitted).

12          The Amended Complaint fails to satisfy these bedrock requirements.   Start with

13  concreteness.  The relevant allegations are that (i) Plaintiffs had "ownership rights" in YouTube

14  "video content," Am. Compl. ¶¶ 6, 7, 24, and (ii) NVIDIA "used" this video content to train an AI

15  model, *id*. ¶ 19, for "commercial profit," *id*. ¶¶ 52, 75.  But it is not enough to "point to the dollars

16  in a defendant's pocket."  *Opperman v. Path, Inc*., 87 F. Supp. 3d 1018, 1056 (N.D. Cal. 2014)

17  (quotation marks omitted); *B.K. v. Desert Care Network*, No. 23-CV-5021, 2024 WL 1343305, at

18  *7 (C.D. Cal. Feb. 1, 2024) (explaining that a defendant's profits, alone, do not "establish that

19  Plaintiff[] have *lost* money" as a result of the defendant's conduct (emphasis in original)).  Rather,

20  Plaintiffs must allege that *they* suffered a concrete injury in fact.  They do not.  In fact, Plaintiffs

21  never state that they suffered *any* legally cognizable harm—whether monetary, reputational,

22  privacy-based, or otherwise—from the use of their videos.  They do not claim that NVIDIA severed

23  or diminished their ownership rights in any way.  Nor do they assert that the market value of their

24  videos was diminished—to the extent Plaintiffs ascribed value to them in the first place.

25          The only mention of injury in the Amended Complaint is that NVIDIA deprived Plaintiffs

26  of "mon[ies] that would be owed to them" had Plaintiffs attempted to "license" their works.  Am.

27  Compl. ¶ 54; *see also id*. ¶ 67 (similar).  But that theory of harm is "purely hypothetical," as

28  Plaintiffs do not allege that they "intended to sell" their videos in the past or in the future.  *E.g.*, *In*

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 5 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 784 (N.D. Cal. 2019) (holding disclosure of personal information, without more, did not constitute concrete "economic loss"); *Yunker v. Pandora Media, Inc.*, No. 11-CV-03113 JSW, 2013 WL 1282980, at *4 (N.D. Cal. Mar. 26, 2013) (finding no injury in fact based on alleged disclosure of personal information where plaintiff did "not allege he that attempted to sell his PII, that he would do so in the future, or that he was foreclosed from entering into a value for value transaction relating to his PII"); *cf. Raw Story Media, Inc. v. OpenAI, Inc.*, --- F. Supp. 3d ---, 2024 WL 4711729, at *5 (S.D.N.Y. Nov. 7, 2024) (holding that the alleged "unauthorized removal of [copyright management information] from [plaintiffs'] copyrighted work," without more, does not constitute an Article III injury-in-fact); *TransUnion*, 594 U.S. at 426 (explaining that Congress "may not simply enact an injury into existence" or "transform something that is not remotely harmful into something that is").  Without more, Plaintiffs cannot establish concrete injury.  *Low v. LinkedIn Corp.*, No. 11-CV-01468, 2011 WL 5509848, at *5 (N.D. Cal. Nov. 11, 2011) (finding no injury in fact where plaintiff "failed to allege how he was foreclosed from capitalizing on the value of his personal data or how he was 'deprived of the economic value of [his] personal information' ") (quoting *LaCourt v. Specific Media, Inc.*, No. 10-CV-1256, 2011 WL 1661532, at *5 (C.D. Cal. Apr. 28, 2011)).

Any alleged harm also is not particularized.  In the entire Amended Complaint, Plaintiffs devote only three sentences to how NVIDIA's alleged conduct relate to them personally.  Am. Compl. ¶¶ 6–7, 24.  The Amended Complaint lacks even the most basic information, such as the name of Plaintiff Millette's YouTube accounts and when between 2008 and 2024 Plaintiffs uploaded content to YouTube.  Plaintiffs' threadbare assertions and conclusions not only fail to allege any particularized harm to Plaintiffs, they also fail to "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

Further, Plaintiffs provide no facts whatsoever to support a plausible inference that *their* videos were allegedly scraped or used by NVIDIA.  There are *billions* of videos currently on

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

- 6 -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

YouTube.[2]  Yet Plaintiffs assert only that NVIDIA has "downloaded 100,000 videos," Am. Compl. ¶ 22, "scraped millions of YouTube videos," *id.* ¶ 3, and "compiled 38.5 million URLs." *Id.* ¶ 22. They thus provide no plausible basis to conclude that this small fraction of the content on YouTube includes their videos.  Plaintiff's allegation is no more plausible than someone picking one coin out of Trevi Fountain and saying it is the one he threw in the fountain years ago.

Recent precedent makes clear that the mere possibility of Plaintiffs' video content being scraped is insufficient to confer standing.  For example, *Brantley v. Prisma Labs, Inc.*, No. 23 C 1566, 2024 WL 3673727, at *2, 5 (N.D. Ill. Aug. 6, 2024), recently dismissed on standing grounds a claim that a plaintiff's photographs were among billions allegedly scraped without consent from social media sites to train an AI model.  Although the model at issue in *Brantley* purportedly scraped "almost every website from September 2021 to January 2022," the plaintiff provided no additional facts to establish that *his* photos "were contained in the [relevant] [d]ataset." *Id.* at *5 (quotation marks omitted).  The complaint in that case, like the Amended Complaint, was deficient because it pled "facts that [were] merely consistent with a defendant's liability, [but that] stop[ped] short of the line between possibility and plausibility of entitlement to relief." *Id.* at *6 (internal quotes omitted); *Doe 1*, 2024 WL 235217, at *5 (dismissing for lack of standing where certain plaintiffs "failed to plead specific instances in which *their* code" was unlawfully reproduced by defendant's AI model); *cf. In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 816 (N.D. Cal. 2020) (dismissing Stored Communications Act claim where plaintiff failed to plausibly allege that, among 153 unlawfully intercepted recordings, "Plaintiffs' own oral communications were intercepted").

---

[2]  There are approximately "14 billion" videos on YouTube. Ryan McGrady, *What We Discovered on 'Deep YouTube',* The Atlantic (Jan. 26, 2024), https://www.theatlantic.com /technology/archive/2024/01/how-many-videos-youtube-research/677250/; *see also Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (recognizing that proper subjects of judicial notice include "publicly accessible websites" and taking judicial notice of the contents of LinkedIn.com); *Wible v. Aetna Life Ins. Co.,* 375 F. Supp. 2d 956, 965–966 (C.D. Cal. 2005) (taking judicial notice of the contents of Amazon.com web pages describing books related to the case).

Hogan Lovells US LLP
Attorneys At Law

- 7 -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

That defect applies to Plaintiff Petryazhna's copyright claim, just as it does Plaintiffs' state-law claims. *Raw Story Media, Inc.*, 2024 WL 4711729, at *5 (dismissing similar copyright claim on standing grounds because there was only a "remote" possibility that ChatGPT "would output . . . content from one of Plaintiffs' articles").

Accordingly, Plaintiffs fail to allege any concrete harm, and it is not plausible that any such harm is personal to them. The Amended Complaint should be dismissed in its entirety for lack of standing.

**B. The Copyright Act Preempts Plaintiffs' Claims.**

The Copyright Act of 1976 expressly preempts state law claims "equivalent" to the "exclusive rights" secured by federal law in protected "works of authorship." 17 U.S.C. § 301. That preemption provision applies if two things hold true.

First, the state law claim must "fall[] within the subject matter of copyright" by asserting a right in "one of the copyrightable categories" of works listed in 17 U.S.C. § 102. *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 970–971 (9th Cir. 2024) (quotation marks omitted).

Second, the "rights asserted" must be "equivalent to the rights contained in 17 U.S.C. § 106," including the rights to "reproduce[] or distribute copies" of a work, to "prepare derivative works" based upon copyright material, and "to authorize others to do those things." *Id.* at 970, 972 (quoting *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017)).

The focus of the second step is broad, and it applies even if the elements of a state law claim are not "identical" to those of copyright infringement. *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1144 (9th Cir. 2006). A state-law claim will "survive preemption" only if it is "qualitatively different" from the copyright claim. *Id.* at 1143. In other words, it must contain "an extra element which changes the nature of the action." *Id.*

Both conditions for preemption are met here.

**1. <u>Plaintiffs' Videos are the "Subject Matter of Copyright."</u>**

Plaintiffs' claims arise out of NVIDIA's purported "use" of their "YouTube videos." Am. Compl. ¶¶ 1, 3, 6–7, 50, 52–53, 56. YouTube videos are "online videos" which fall "within the subject matter of the Copyright Act as 'other audiovisual works' under 17 U.S.C. § 102(a)(6)." *Yu*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*v. ByteDance Inc*., No. 23-CV-03503, 2023 WL 5671932, at *5 (N.D. Cal. Sept. 1, 2023) ("[O]nline videos fall within the subject matter of the Copyright Act."); *Stavrinides v. Vin Di Bona*, No. 18-CV-00314, 2018 WL 1311440, at *5 (C.D. Cal. Mar. 12, 2018) ("[V]ideos constitute 'motion pictures and other audiovisual works' subject to copyright protection." (quoting 17 U.S.C. § 102(a)(5)).

Plaintiffs do not appear to assert rights in anything besides their video content.  But to the extent Plaintiffs' passing references to the "ideas," Am. Compl. ¶ 52, or "data," *id*. ¶ 5, associated with their videos can be construed to state independent claims, they fall under the same umbrella. It is well-established that "ideas" contained in works, while outside the scope of copyright *protection*, fall within the scope of the Copyright Act "[f]or *preemption* purposes."  *Montz v. Pilgrim Films & Television, Inc*., 649 F.3d 975, 979 (9th Cir. 2011) (emphasis added); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc*., 373 F.3d 296, 306 (2d Cir. 2004) ("To the extent that the project includes non-copyrightable material, such as ideas, these are not sufficient to remove it from the broad ambit of the subject matter categories.").  And the same goes for the "elements" underlying content posted to a website, like "source code," "logos, images, fonts," and the like.  *Best Carpet Values*, 90 F.4th at 971–972.

It also does not matter that Plaintiff Millette fails to explicitly allege any intellectual property rights in his videos.  A work does not "have to be actually protected by a specific copyright or even itself be copyrightable" for preemption to attach; "it just has to be within the subject matter of the Act."  *E.g.*, *Firoozye*, 153 F. Supp. 2d at 1124 (quotation marks omitted); *Patnaik*, 2015 WL 12746704, at *8 ("[W]hether the [material at-issue] is copyrightable is not the relevant inquiry. Rather, for purposes of preemption, the issue is whether the alleged copyright material is within the subject matter of copyright.").

As a result, Plaintiffs' claims are "within the subject matter" of the Copyright Act under 17 U.S.C. § 102(a)(6).

**2.  Plaintiffs' State-Law Claims are "Equivalent" to Claims of Copyright Infringement.**

Plaintiffs' UCL, unjust enrichment, and 93A claims are "equivalent" to claims of copyright

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1    infringement.  All three rely on allegations that NVIDIA "use[d]" Plaintiffs' videos, Am. Compl.

2    ¶¶ 24, 42, 52—including "transcriptions[,] copies," and "reproductions," *id*. ¶¶ 53, 55—to train its

3    AI model.  Plaintiff further claims that NVIDIA did so without his "authorization" or "consent,"

4    *id*. ¶¶ 3, 5, 24, 52.  The first set of allegations echoes, nearly word-for-word, the federal rights to

5    "reproduce" and "cop[y]" protected works.  17 U.S.C. § 106.  And the second echoes the right to

6    "authorize" the same.  *Id.*  Proof of Plaintiffs' allegations would "not [be] materially different" from

7    proof of copyright infringement, which requires "a plaintiff to [establish] that the defendant used,

8    reproduced, copied, or displayed a copyrighted work" without permission.  *Best Carpet Values*, 90

9    F.4th at 974 (quotation marks omitted).  The "underlying nature" of Plaintiffs' state-law claims, in

10   other words, "is part and parcel of a copyright claim" and they are "therefore preempted by the

11   Copyright Act."  *Cusano v. Klein*, 473 F. App'x 803, 804 (9th Cir. 2012) (quotation marks omitted).

12           A bevy of recent cases reinforce this conclusion, each one holding that the Copyright Act

13   preempted UCL or unjust enrichment claims grounded in the "copying and use" of media to "train"

14   AI models.  *Tremblay*, 2024 WL 3640501, at *2 (Martínez-Olguín, J.) (holding Copyright Act

15   preempted UCL claim regarding use of "books" to train AI language model); *Andersen*, 2024 WL

16   3823234, at *9–10 (Orrick, J.) (holding Copyright Act preempted unjust enrichment claim based

17   on "using Plaintiffs' works to train, develop and promote [an AI m]odel[]"); *Doe 1*, 2024 WL

18   235217, at *7–8 (Tigar, J.) (holding Copyright Act preempted unjust enrichment and UCL claims

19   based on defendants alleged "use[]" of "Plaintiffs' Licensed Materials to train [its AI]"); *Kadrey*,

20   2023 WL 8039640, at *1–2 (Chhabria, J.) (holding Copyright Act preempted UCL and unjust

21   enrichment claims based on alleged "unauthorized copying of the plaintiffs' books for purposes of

22   training LLaMA," an AI language model); *see also X Corp.*, 2024 WL 4894290 at *11–12 (holding

23   Copyright Act preempted "misappropriation" and "unjust enrichment" claims related to scraping

24   and selling data on X).  And courts have reached the same conclusion with respect to 93A claims.

25   *Real View, LLC v. 20-20 Techs., Inc.*, 789 F. Supp. 2d 268, 273 (D. Mass. 2011) (finding that a 93A

26   claim "for the illegal download of [plaintiff's] software" "would have been preempted"); *see also

27   WNAC, LLC v. Verizon Corp. Servs. Grp., Inc.*, No. 21-CV-10750, 2022 WL 17752132, at *5 (D.

28   Mass. Dec. 19, 2022) (allegations "akin to an illegal download" are "preempted," even where

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

defendant allegedly acted "without permission"); *Jalbert v. Grautski*, 554 F. Supp. 2d 57, 75 (D. Mass. 2008) (holding that Copyright Act preempted 93A claims that were "entirely on the alleged copyright violation[]"). As one court in this District put it: "[T]he extent to which public data may be freely copied from social media platforms" is a matter that should "be governed by the Copyright Act." *X Corp. v. Bright Data Ltd.,* 733 F. Supp. 3d 832, 851 (N.D. Cal. 2024).

That precedent forecloses any attempt by Plaintiffs to avoid preemption based on differences between Plaintiffs' state-law claims and claims of copyright infringement. Indeed, Plaintiff Petryazhna alleges that these very same facts make out a copyright claim. Am. Compl. ¶ 77. Plaintiffs may spin the "harms" of their state-law claims as distinct from copyright "harms" based on allegations that NVIDIA deceived consumers or otherwise distorted the competitive marketplace. Am. Compl. ¶ 53. But any such distinctions are irrelevant where, as here, Plaintiff "only describe[s] the harms that resulted from . . . unauthorized use" of protected works. *Tremblay*, 2024 WL 3640501, at *2; *Andersen*, 2024 WL 3823234, at *9 (rejecting argument that harms resulting from unjust enrichment claim were qualitatively distinct from copyright because they were tied "to [the] use of plaintiffs' works").

The same goes for differences between elements. The Ninth Circuit has "squarely rejected" the notion that "an unfair competition claim" premised on "alleg[ed] misappropriat[ion]" contained an "additional element" "qualitatively different from copyright." *Laws*, 448 F.3d at 1143-44. And just last year, it held the same as to an "implied-in-law . . . unjust enrichment claim." *Best Carpet Values*, 90 F.4th at 974; 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.15[G] (2023) ("[A] state-law cause of action for unjust enrichment or *quasi* contract should be regarded as an 'equivalent right' and, hence, preempted insofar as it applies to copyright subject matter."). At bottom, all of Plaintiffs' state-law claims share the underlying nature of a copyright infringement claim, and those claims are therefore preempted.

**C.  Plaintiffs' UCL, Unjust Enrichment, and 93A Claims Fail as a Matter of Law.**

Even if Plaintiffs' claims were not preempted by the Copyright Act, they would still fail as a matter of law. Plaintiffs neither plead facts sufficient for UCL statutory standing nor state a plausible theory of liability. Plaintiffs' unjust enrichment claim cannot survive because they do not

allege a benefit—conferred to NVIDIA at their expense—that NVIDIA retained unjustly.  And Plaintiff Millette fails to satisfy multiple threshold requirements to assert a 93A claim.

### 1.  Plaintiffs' UCL Claim Fails.

Plaintiffs' UCL claim should be dismissed for three reasons:

*First*, Plaintiffs fail to satisfy the UCL's heightened statutory standing test, which restricts recovery to individuals who "lost money or property" from the purported unfair conduct that forms the basis of the claim.  *Sequeira v. U.S. Dep't of Homeland Sec.*, No. 22-CV-07996, 2024 WL 1221958, at *6 (N.D. Cal. Mar. 21, 2024) (emphasis omitted) (quoting Cal. Bus. Prof. Code § 17204).  For this claim, "intangible" injuries will not suffice.  *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 324 (Cal. 2011) (quoting *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1348 n. 31 (Cal. Ct. App. 2009)).  UCL plaintiffs must "specifically allege" that they suffered an "economic injury," *Samet v. Procter & Gamble Co.*, No. 12-CV-01891, 2013 WL 3124647, at *3 (N.D. Cal. June 18, 2013), by being "deprived of money or property to which [they have] a cognizable claim" or by having "a present or future property interest diminished," *Kwikset*, 51 Cal. 4th at 323.

No such injury is alleged in the Complaint.  Although Plaintiffs allege that *NVIDIA* "profited" from using their videos, Am. Compl. ¶¶ 5, 52, nothing about those allegations "establish that *Plaintiffs lost* money" as a result of NVIDIA's conduct.  *Desert Care Network*, 2024 WL 1343305, at *7 (emphasis added); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d at 804 ("Facebook may have gained money through its sharing or use of the plaintiffs' information, but that's different from saying the plaintiffs lost money.").

Similarly lacking are any allegations of diminished property interests.  Plaintiffs assert that they suffered economic injury because they "would be owned [*sic*]" funds had they chosen to license their videos. Am. Compl. ¶ 54.  But they do not allege that NVIDIA actually inhibited their ability to monetize YouTube content.  And, as explained *supra* __, any such injury is speculative because Plaintiffs never allege that they intended to license their videos.  *In re Google Assistant Priv. Litig.*, 546 F. Supp. 3d 945, 972 (N.D. Cal. July 1, 2021) (finding "economic loss [was] purely hypothetical" where "there [were] no facts to suggest that Plaintiffs intended to monetize their

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

individual voice recordings" allegedly retained by Google (quotation marks omitted)).   What remains is an allegation that NVIDIA failed to "attribute the success of [its] product" to Plaintiff and other YouTubers.  Am. Compl. ¶ 53, 55.  But that is the very type of "intangible" harm, divorced from money or property, that fails to state a claim under the UCL.  *Lagrisola v. N. Am. Fin. Corp.*, 96 Cal. App. 5th 1178, 1194 (Cal. Ct. App. 2023) (rejecting "subjective assertion of an intangible harm").

Earlier this year, Judges Martínez-Olguín and Tigar dismissed analogous UCL claims alleging unlawful business practices on this exact basis.  *Tremblay,* 716 F. Supp. 3d at 780–781 (N.D. Cal. Feb. 12, 2024) (finding plaintiff's allegation of an "economic injury" was "speculative" and his "UCL claim [of unlawful business practices] fail[ed] for this [] reason"); *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 860–861 (N.D. Cal. 2023) (dismissing UCL claim based on AI model's use of plaintiffs' code because the complaint lacked allegations regarding the "loss of value of the computer code").  Here too, Plaintiffs' UCL claim fails on this ground alone.

*Second*, Plaintiffs have failed to meet their threshold obligation of specifying a theory of liability.  That requirement draws on both Rule 8(a), which asks—at minimum—that Plaintiffs allege "the theory upon which the UCL claim is based," *Franklin Fueling Sys., Inc. v. Veeder-Root Co.*, No. 09-CV-580, 2009 WL 2462505, at *8 (E.D. Cal. Aug. 11, 2009) (citing *Silicon Image, Inc. v. Analogix Semiconductor, Inc.*, No. 07-CV-635, 2007 WL 1455903, at *9 (N.D. Cal. May 16, 2007)), and Rule 12(b)(6) caselaw holding that UCL claimants "must state with reasonable particularity the facts supporting the statutory elements of the violation," *Ghalehtak v. Fay Servicing, LLC*, 304 F. Supp. 3d 877, 890 (N.D. Cal. 2018) (quotation marks omitted).

The Amended Complaint largely consists of allegations about undifferentiated "business practices" which Plaintiffs refer to variously as "unfair," "deceptive[]," and "unlawful." Am. Compl. ¶¶ 49–53.  These allegations fail to satisfy the requirement that Plaintiff specify "what conduct forms the basis for [his] claim."  *Sumotext Corp. v. Zoove, Inc.*, No. 16-CV-01370, 2016 WL 6524409, at *3 (N.D. Cal. Nov. 3, 2016).  Plaintiffs also allege that NVIDIA's use of Plaintiffs' videos for its "own commercial profit" constituted "unfair, immoral, unethical, [or] oppressive" conduct.  Am. Compl. ¶ 52.  But the Ninth Circuit has held that similar allegations—which merely

"recit[e] one of the UCL's legal standards" and assert that a defendant acted with a "profit motive"—fail to give proper notice of the basis for a UCL unfairness claim. *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1215 (9th Cir. 2020) (citing Fed. R. Civ. P. 8(a)). At its most concrete, the Amended Complaint alleges that NVIDIA acted unfairly by relying on "non-consensual use" of Plaintiffs' works, which allegedly resulted in "deceptive[] market[ing]" thereby "outweigh[ing] any benefits to consumers." Am. Compl. ¶ 55. To the extent this theory is adequately noticed, the Amended Complaint contains no allegations—much less "reasonabl[y] particular[]" ones—about how NVIDIA marketed its products or the alleged harm to Plaintiffs. *Clark v. Countrywide Home Loans, Inc*., 732 F. Supp. 2d 1038, 1050 (E.D. Cal. 2010).

*Third*, Plaintiffs fail to allege conduct sufficient to state a claim under any UCL prong. The UCL broadly proscribes "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice . . . ." *Cappello v. Walmart Inc.*, 394 F. Supp. 3d 1015, 1018 (N.D. Cal. 2019) (quoting Cal. Bus. & Prof. Code § 17200). Each one of those adjectives, or "prongs," forms a " 'separate and distinct theory of liability' and an independent basis for relief." *Id*. (internal quotation marks omitted) (quoting *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010)).

Start with the "unlawful" prong. The UCL operates by "borrow[ing] violations of other laws" and treating them as "independently actionable," *Batiste v. Robert W. Baird & Co.*, No. 23-CV-02592, 2023 WL 7280446, at *4 (N.D. Cal. Oct. 4, 2023) (quotation marks omitted), meaning plaintiffs must "identify an underlying statute that [the d]efendant violated." *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 1002 (N.D. Cal. 2014); *accord Lopez v. Bank of Am., N.A.*, 505 F. Supp. 3d 961, 976 (N.D. Cal. 2020).

Plaintiffs do not even bother to allege a violation of any specific law. The only relevant allegation—that NVIDIA violated the UCL itself, Am. Compl. ¶ 53—by its terms fails to establish a violation of a separate state or federal law. *Mueller v. San Diego Ent. Partners, LLC*, 260 F. Supp. 3d 1283, 1299 (S.D. Cal. 2017) (holding allegation that defendant "violated [s] 17200 [the UCL]" did not establish a violation of any of its prongs). And apart from the conclusory assertion that certain practices were "unlawful," Am. Compl. ¶ 53, the Amended Complaint identifies no other law that NVIDIA is alleged to have violated. *Tremblay,* 716 F. Supp. 3d at 780 (dismissing

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD**

analogous UCL unlawfulness claim against OpenAI because "the Court has dismissed the predicate DMCA claims"); *Doe 1*, 672 F. Supp. 3d at 860 (dismissing analogous UCL unlawfulness claims "[t]o the extent the predicate claims have been dismissed"). *Martinez v. Welk Grp., Inc.*, No. 09-CV-2883, 2011 WL 90313, at *11 (S.D. Cal. Jan. 11, 2011) (explaining that "courts dismiss the UCL claim" "where no statutory violation occurs").

Plaintiffs also fail to allege a cognizable type of "unfairness."  California courts look for one of three things: (1) conduct "tethered to any underlying constitutional, statutory or regulatory provision, or that [] threatens an incipient violation of an antitrust law"; (2) practices that are "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers"; or (3) conduct where the "impact on the victim" outweighs the "justifications and motives of the alleged wrongdoer."  *Doe*, 982 F.3d at 1214-15 (cleaned up) (outlining the three governing tests for UCL unfairness).  The first species of unfairness is not alleged.  The third, also not alleged, would fail because Plaintiff does not concretely allege a negative "impact" sufficient to confer legal standing either on himself or on consumers, *see supra* Section IV.A.  As to the second theory, Plaintiff offers no more than a bare recitation of its standard.  Indeed, Plaintiffs allege merely that NVIDIA's purported "non-consensual use of Plaintiffs' works" "outweighs any benefit to consumers."  Am. Compl. ¶ 55.  "Without additional allegations" that "describe *why*" the alleged practices are "immoral, unethical, oppressive, . . . or substantially injurious to consumers," Plaintiffs' "allegations are too conclusory and fail to state a plausible claim." *Barboza v. Mercedes-Benz USA, LLC*, No. 22-CV-0845, 2022 WL 17978408, at *5 (E.D. Cal. Dec. 28, 2022) (emphasis added).  Put differently, once the Amended Complaint is stripped of allegations based on the purported "unauthorized use" of Plaintiffs' "content" and "copyrights," there is nothing left to state an "independent theory" of "unfair business practices." *Sweet People Apparel, Inc. v. Louis Grp., Inc.*, No. 12-CV-1206673, 2013 WL 12131735, at *8 (C.D. Cal. Jan. 31, 2013).

Plaintiffs' allegations under the "fraudulent" prong are deficient as well.  To plead UCL fraud, Plaintiffs must satisfy the particularity requirements of Rule 9(b), *Smith v. LG Elecs. U.S.A., Inc.*, No. 13-CV-4361, 2014 WL 989742, at *9 (N.D. Cal. Mar. 11, 2014), including a "purportedly fraudulent statement" coupled with the "who, what, when, where, and how of the misconduct

charged," *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1110 (9th Cir. 2017). Rather than plead a false statement—or any of the relevant circumstances—Plaintiffs merely allude to alleged "deceptive[] market[ing]" practices and asserts that "consumers are likely to be deceived." Am. Compl. ¶¶ 52–53. *Which* practices consumers were subject to or *how* they were deceived is anyone's guess. Yet Rule 9(b) requires that Plaintiffs answer those questions, and more, in the Complaint. And the failure to do so warrants dismissal. *Tremblay,* 716 F. Supp. 3d at 781 (dismissing analogous UCL claim against OpenAI under the fraudulent prong for "fail[ing] to satisfy the heightened pleading requirements of 9(b)" because "Plaintiffs fail[ed] to indicate" which acts constituted "fraudulent business practices"); *ROTFL Prods., LLC v. Gzebb*, No. 13-CV-0293, 2013 WL 12181763, at *3 (N.D. Cal. Aug. 5, 2013) (dismissing UCL complaint that did not "specif[y] which of defendant's actions were fraudulent" or "aver specific false and misleading statements").

### 2. **Plaintiffs Do Not State a Cognizable Unjust Enrichment Claim.**

To state a quasi-contract claim based on unjust enrichment, Plaintiffs must allege both that (1) they "conferred a benefit on [NVIDIA]," *Estate of Hoefer v. ATC Realty Fifteen, Inc.*, No. 20-CV-06698, 2021 WL 148087, at *4 (N.D. Cal. Jan. 15, 2021) (quotation marks omitted), and (2) that NVIDIA retained the benefit "unjustly" as a result of "mistake, fraud, coercion, or request," *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting 55 Cal. Jur. 3d Restitution § 2 (2015)).[3] Liability does not arise "merely because one person has realized a gain at

---

[3] Plaintiffs appear to assert that unjust enrichment is a standalone cause of action although they "alternatively" claim that the same theory provides for a quasi-contract claim. Am. Compl. ¶ 41. California Courts have squarely held that the former is incorrect: "Unjust enrichment is not a cause of action. It is just a restitution claim." *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (Cal. Ct. App. 2018) (quotation marks omitted). The Ninth Circuit likewise construes allegations of unjust enrichment as a cause of action for a quasi-contract seeking restitution. *Astiana*, 783 F.3d at 762. Accordingly, Plaintiffs' claim should be construed as a quasi-contract

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 16 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

another's expense." *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023) (quotation marks omitted). Absent the second element—sometimes referred to as "qualifying conduct"—"there is no injustice"; there is merely "enrichment." *Id.*; *accord Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*, No. 20-cv-08686, 2021 WL 4133869, at \*10 (N.D. Cal. Sept. 10, 2021). Plaintiff cannot satisfy either element of liability.

To start, Plaintiffs do not plausibly allege that they conferred a legally cognizable "benefit" on NVIDIA. Benefits typically take the form of a tangible payment from plaintiff to defendant, *ESG Capital Partners, LP v. Strato*, 828 F.3d 1023, 1039 (9th Cir. 2016), or receipt of a plaintiff's "service" or "property" that "yield[s] a measurable increase in the recipient's wealth," Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011); *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1487 (Cal. Ct. App. 2014) (citing the Third Restatement extensively). The only benefits alleged here are NVIDIA's "revenues derived from the sales of their products" to third party "users." Am. Compl. ¶¶ 42, 45. But any such revenues are not *Plaintiffs'* money, property, or services—they came from someone else. In other words, "[t]he only benefit [NVIDIA] allegedly received . . . came from [a third party,] not from Plaintiff" and thus cannot give rise to a claim of unjust enrichment. *Am. Video Duplicating, Inc. v. City Nat'l Bank*, No. 20-cv-4036, 2020 WL 6882735, at \*6 (C. D. Cal. Nov. 20, 2020) (dismissing unjust enrichment claim where Defendant allegedly received lender fee from a third party, not anything "*from Plaintiff*"); *Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1072 (S.D. Cal. 2021) (defendant's "unjust[] profit[s]" did not constitute a "benefit" where defendant allegedly used plaintiff's "likeness for its own commercial [gain]"); *Russell*, 680 F. Supp. 3d at 1133 (rejecting claim where benefit did not come "at the plaintiff's expense").

In addition, apart from conclusory assertions that NVIDIA's conduct was "prohibited," "unjust[,] and inequitable," Am. Compl. ¶¶ 42–45, the Amended Complaint is devoid of allegations of "qualifying conduct." *Russell*, 680 F. Supp. 3d at 1133. At most, Plaintiffs claim that they were

cause of action and the Court should reject any demand for "[e]quitable relief" unique to unjust enrichment. Am. Compl. ¶ 47 (seeking "all profits from the wrongdoing").

- 17 -

"unwitting[]" YouTubers—i.e., that they were not even aware of any activity by NVIDIA. Nowhere do they allege a "mistake" that conferred a benefit on NVIDIA.  Am. Compl. ¶ 42.  Nor do they allege that NVIDIA "request[ed]" that Plaintiffs upload their videos for public consumption, let alone attempted to obtain the videos via "fraud" or "coercion."  *Astiana*, 783 F.3d at 762.  Plaintiffs' assertion that NVIDIA violated YouTube's terms of service, Am. Compl. ¶ 1, does not change that calculus as it does not resemble a claim for fraud and is in any event conclusory.[4]  Without such conduct, the "mere [allegation] that [NVIDIA] obtain[ed] a benefit" unjustly is insufficient to sustain a claim.  *Shum v. Intel Corp.*, 630 F. Supp. 2d 1063, 1073 (N.D. Cal. 2009), *aff'd*, 633 F.3d 1067 (Fed. Cir. 2010); *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009) (finding "a conclusory allegation that defendants have been 'unjustly enriched' by 'retaining profits, income and ill-gotten gains at the expense of plaintiff' " insufficient to state a claim).

Judges Martínez-Olguín and Tigar dismissed unjust enrichment claims in almost identical cases on the same grounds just this year—notwithstanding allegations that defendants violated applicable terms of service and other contractual agreements.  *Tremblay,* 716 F. Supp. 3d at 783 (dismissing unjust enrichment claim against OpenAI for allegedly training an AI model on Plaintiffs' copyrighted work because "Plaintiffs have not alleged that OpenAI unjustly obtained benefits from Plaintiffs' copyrighted works through fraud, mistake, coercion, or request"); *Doe 1*, No. 22-cv-06823, Dkt. No. 253 at 5–7, 12 (N.D. Cal. June 24, 2024) (dismissing unjust enrichment claim against GitHub for allegedly allowing an AI model to train on Plaintiffs' code because Plaintiffs' claims "do not contain any allegations of mistake, fraud, coercion, or request").  Taken together, the lack of any benefit conferred at Plaintiffs' expense, and the lack of any qualifying conduct on the part of NVIDIA warrant dismissal here, too.

---

[4] Plaintiffs' allegations—to the extent they even satisfy Rule 8—fall well short of the heightened pleading standard of Rule 9(b), which applies if Plaintiffs' unjust enrichment theory "sounds in fraud."  *Regents of Univ. of Cal.*, 2021 WL 4133869, at *10; *accord Snarr v. Cento Fine Foods Inc.*, No. 19-CV-02627, 2019 WL 7050149, at *7 (N.D. Cal. Dec. 23, 2019).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1

### 3. Plaintiff Millette Fails to State a 93A Claim.

2      As a threshold matter, "the plaintiff must allege 'some sort of transaction *between the parties*

3  for [chapter 93A] liability to attach.' " *Frost v. BI 40, LLC*, No. 22-CV-11005, 2023 WL 6307530,

4  at *6 (D. Mass. Aug. 29, 2023) (quoting *L.B. Corp v. Schweitzer-Mauduit Intern., Inc.*, 121 F. Supp.

5  2d 147, 152 (D. Mass. 2000)).   No such allegation appears in the Amended Complaint.   Indeed,

6  there was "no relationship between the plaintiffs and the defendant[]" prior to this suit and it is thus

7  "axiomatic that the alleged wrongful conduct did not arise in a business context."   *Swenson v.*

8  *Yellow Transp., Inc.*, 317 F. Supp. 2d 51, 57 (D. Mass. 2004) (dismissing 93A claim); *Miller v.*

9  *Mooney*, 725 N.E.2d 545, 551 (Mass. 2000) (rejecting 93A claim because "[t]he defendant was not

10  engaged in trade or commerce *with the plaintiffs* within the meaning of G.L. c. 93A") (emphasis

11  added).   Millette's 93A claim fails for that reason alone.   In addition, Millette's Massachusetts 93A

12  claim fails for two of the same reasons the UCL claim does.

13      *First*, Millette again fails to plausibly allege statutory standing.   Chapter 93A—like the

14  UCL—requires plaintiffs to " 'show real economic damages,' as opposed to some speculative

15  harm."  *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 10 (1st Cir. 2017) (internal quotation marks omitted)

16  (quoting *Rule v. Fort Dodge Animal Health, Inc.*, 607 F.3d 250, 253 (1st Cir. 2010)).   A complaint

17  alleging "only a 'per se' injury—that is, a claim resting only on a deceptive practice . . . is

18  insufficient."  *Id.*; *accord Tyler v. Michaels Stores, Inc.*, 984 N.E.2d 737, 744–745 (Mass. 2013).

19      Yet that is all Millette alleges.   He claims injury as a "result of Defendant's . . . use of [his]

20  works," Am. Compl. ¶ 68, and asserts that these alleged acts mean that he and putative class

21  members "have been harmed," *id.* ¶ 69.   Nowhere does he present an "identifiable harm" separate

22  from "the violation itself," much less concrete economic damages.   *Tyler*, 984 N.E.2d at 745

23  (quotation marks omitted).   Millette's allegation that he "would have requested compensation" had

24  he known of the alleged "misappropriation" fails for the same reason.   Am. Compl. ¶ 67.   Millette

25  must provide an "objectively measurable" basis for resulting harm.   *Pershouse v. L.L. Bean, Inc.*,

26  368 F. Supp. 3d 185, 191 (D. Mass. 2019) (dismissing 93A claim where plaintiff did not provide

27  measure of purported loss).   He has not done so, and the 93A claim must therefore be dismissed.

28  *O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 458 (D. Mass. 2018) (allegations that

- 19 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1    plaintiff incurred an undefined loss " 'as a result' of defendants' deception" that he would not have

2    otherwise "is, by itself, too 'conclusory' and 'speculative' to state a [93A] claim for injury or

3    damages").

4         *Second*, the Amended Complaint does not plead a plausible theory of 93A liability.  Chapter

5    93A proscribes "unfair or deceptive acts or practices in the conduct of any trade or commerce."

6    *Crommelin v. Takeda Pharms. U.S.A.*, Inc., --- F. Supp. 3d ---, 2024 WL 4045730, at *2 (D. Mass.

7    Sept. 4, 2024) (quoting Mass. Gen. Laws ch. 93A § 2(a)).  Conduct is unfair if it falls within a

8    "common law, statutory, or other established concept of unfairness"; is "immoral, unethical,

9    oppressive, or unscrupulous"; or "causes substantial injury to [consumers]."  *Id.* (alteration in

10    original) (quoting *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 79 (1st Cir. 2020)).  And deceptive

11    conduct involves either "affirmative misrepresentations" or "an omission" that "may justifiably

12    induce" someone "to act or refrain from acting in a business transaction" assuming there exists a

13    duty to "disclose the matter in question."  *Tomasella*, 962 F.3d at 71-72 (quoting *Underwood v.*

14    *Risman*, 605 N.E.2d 832, 836 (Mass. 1993)).  The Amended Complaint fails on multiple levels.

15         Millette does not plausibly plead 93A unfairness.  Much like Plaintiffs' UCL claim, Millette

16    mentions only "unfair and deceptive acts," Am. Compl. ¶ 61, without explaining how these acts fit

17    "any recognized concept of unfairness."  *See Tomasella*, 962 F.3d at 80 (affirming dismissal of 93A

18    claim).  These conclusory allegations are insufficient to state a claim.  *E.g.*, *Sullivan Surveying Co.,*

19    *LLC v. TD Bank, N.A.*, No. 15-CV-11819, 2015 WL 4207133, at *3 (D. Mass. July 10, 2015)

20    (holding that plaintiff could not rely on "conclusory allegation that [defendant] 'engaged in unfair

21    and deceptive practices' to satisfy its pleading burden").  As explained supra ___, the other

22    allegations incorporated into this section of the Amended Complaint cannot give rise to unfairness,

23    either, as they are all preempted.

24         Finally, Millette does not plausibly allege 93A "deceptive" acts.  The Amended Complaint

25    nowhere contains allegations of "affirmative misrepresentations" on NVIDIA's part.  In the absence

26    of an affirmative misrepresentation, a plaintiff may proceed only if he pleads an actionable

27    "omission."  *Tomasella*, 962 F.3d at 71.  But Millette does not allege a specific omission either.

28    Rather, he alleges generally that a "reasonable person" would attach importance to NVIDIA's "acts

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

- 20 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

and omissions" and claims that, had he known of the "acts alleged," he would have "requested compensation." Am. Compl. ¶¶ 63–67.  Chapter 93A, however, does not ask whether a reasonable person would be misled in the abstract; it asks instead whether a "reasonable consumer"—i.e. a consumer or user *of* NVIDIA's products—would be deceived "under the circumstances" of a business transaction with the defendant.  *Tomasella*, 962 F.3d at 71.  Millette does not allege any such omission in how NVIDIA "present[ed] [its] product[s]," nor does he allege detrimental acts on the part of " 'Cosmos' AI Program" consumers.  *Mack v. Cultural Care Inc*., No. 19-CV-11530, 2020 WL 4673522, at *8 (D. Mass. Aug. 12, 2020) (explaining that a plaintiff fails to state a 93A claim where the omission "would not have enticed a reasonable consumer to purchase the product when they otherwise would not have") (internal quotation marks omitted).  Moreover, even assuming an actionable omission could be inferred from the Amended Complaint, it is not an omission of information that NVIDIA had a "duty to disclose" given there was no relationship between the Parties at the time of the events giving rise to this Action.  *Boyle v. Douglas Dynamics, LLC*, 292 F. Supp. 2d 198, 219 (D. Mass. 2003) (holding that, where there is no such duty, a plaintiff "does not state a claim under ch. 93A"), *aff'd*, 99 F. App'x 243 (1st Cir. 2004).  For all these reasons, Millette's 93A claim must fail.

## D.  The Court Should Dismiss with Prejudice

Two separate factors warrant departure from the default rule that leave to amend be freely granted.  *See* Fed. R. Civ. P. 15(a)(2); *see also Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) ("[L]eave to amend may be denied, even if prior to a responsive pleading."); *Sanchez v. Los Angeles Dep't of Transportation*, No. 20-CV-5044, 2021 WL 1220690, at *6 (C.D. Cal. Feb. 23, 2021) (citing *Albrecht* and granting pre-answer motion to dismiss with prejudice), *aff'd*, 35 F.4th 721 (9th Cir. 2022).

*First*, it is "plainly unlikely that [Plaintiffs] [will be] able to cure the standing problem," which applies to all their claims and Plaintiffs have failed to remedy in two successive complaints.  *H.R. Technologies, Inc. v. Astechnologies, Inc*., 275 F.3d 1378, 1385 (Fed. Cir. 2002) (affirming dismissal with prejudice on standing grounds).  "[A]ny attempt to amend" would therefore be "futile" and dismissal with prejudice is thus appropriate even at this early stage.  *Young Money Ent.,*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

*LLC v. Digerati Holdings, LLC*, No. 12-CV-07663, 2012 WL 5571209, at *9 (C.D. Cal. Nov. 15, 2012); *Parks v. Wells Fargo Bank, N.A.*, No. 15-CV-2558, 2016 WL 411674, at *3 (S.D. Cal. Feb. 3, 2016) (granting pre-answer motion to dismiss state law claims with prejudice on preemption grounds).

Moreover, the defects in Plaintiffs' claims turn not on the sufficiency of their allegations, but on the "underlying nature" of the claims alleged. *Tremblay*, 2024 WL 3640501, at *2 (quotation marks omitted); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1011 (9th Cir. 2010) (affirming dismissal of unjust enrichment claim with prejudice on preemption grounds); *Brown v. Van's Int'l Foods, Inc*., No. 22-CV-00001, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022) (dismissing complaint where defect "lies in the legal theory, not the factual allegations"). And no amount of additional factual pleading can change Plaintiffs' unjust enrichment, ULC, or 93A claims' core features.

*Second*, Plaintiffs have received ample notice of the deficiencies in the Amended Complaint. This is Plaintiffs' second pleading attempt in this action, and Millette's sixth in the past year alleging identical claims. Meanwhile, courts in this District have resoundingly dismissed the very claims Plaintiffs bring here. *See supra* IV.B.2. "Even the most cursory legal inquiry" required by Rule 11 would reveal the deficiencies raised in the instant Motion. *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Yet after repeatedly being placed on notice, Plaintiffs chose to copy the deficient allegations from one of those actions. *Compare* Am. Compl. ¶ 53, *with Tremblay v. OpenAI, Inc.,* No. 23-CV-3223, Dkt. No. 120 (Am. Compl.) at ¶¶ 73–74 (N.D. Cal. Mar. 13, 2024). And they made only a minimal effort to address the significant standing concerns raised in NVIDIA's prior motion. The Court should dismiss with prejudice given Plaintiffs' "several opportunities" to address these well-tread problems. *Gama v. Bd. of Trustees of California State Univ.*, No. 18-CV-02552, 2019 WL 7763827, at *1 (N.D. Cal. Apr. 8, 2019).

Hogan Lovells US LLP
Attorneys At Law

- 22 -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

**V. CONCLUSION**

For these reasons, the Court should dismiss the Complaint with prejudice.

Dated:    February 10, 2025                **HOGAN LOVELLS US LLP**

By: */s/ Vassi Iliadis*

Vassi Iliadis
Elliot Herzig
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
vassi.iliadis@hoganlovells.com
elliot.herzig@hoganlovells.com

Neal Kumar Katyal (*Pro Hac Vice*)
William Havemann (*Pro Hac Vice*)
Nathaniel A.G. Zelinsky (*Pro Hac Vice*)
Ezra P. Louvis (*Pro Hac Vice*)
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
neal.katyal@hoganlovells.com
will.havemann@hoganlovells.com
nathaniel.zelinsky@hoganlovells.com
ezra.louvis@hoganlovells.com

*Attorneys for Defendant NVIDIA Corporation*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD

1

**ECF ATTESTATION**

2          Pursuant to Civil Local Rule 5-1(i)(3), I, Vassi Iliadis, am the ECF user whose identification

3  and password are being used to file this Notice of Motion, Motion to Dismiss, and Memorandum

4  of Points and Authorities.  I hereby certify that all other signatories to this document have concurred

5  in its filing.

6

7  Dated:    February 10, 2025                                    By: */s/ Vassi Iliadis*
                                                                          Vassi Iliadis
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law

- 24 -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF - CASE NO. 5:24-cv-05157-EJD